**Thomas GOTTONE, Appellant,**

v.

**UNITED STATES of America,
Appellee.**

**No. 7955.**

United States Court of Appeals
Tenth Circuit.

May 10, 1965.

Stanley L. Drexler, Denver, Colo. (Lawrence G. Empey, Denver, Colo., was with him on the brief), for appellant.

David I. Shedroff, Asst. U. S. Atty. (Lawrence M. Henry, U. S. Atty., was with him on the brief), for appellee.

Before MURRAH, Chief Judge, and LEWIS and SETH, Circuit Judges.

LEWIS, Circuit Judge.

This is an independent proceeding filed by motion under Rule 41(e), Fed.R.Crim.P., wherein the apepllant-movant sought to suppress and have returned to him certain papers and materials taken from his person, automobile and home by agents of the United States. Appellant is not under arrest nor is an information or indictment outstanding against him. Since the motion is not made in nor dependent upon a case *in esse*, the District Court's denial of such motion is an appealable order, Go-Bart Importing Co. v. United States, 282 U.S. 344, 356, 51 S.Ct. 153, 75 L.Ed. 374, and within the exception set forth in Di Bella v. United States, 369 U.S. 121, 131–132, 82 S.Ct. 654, 7 L.Ed.2d 614.

Appellant does not hold a wagering stamp nor is he registered as provided for in section 4412, Internal Revenue Code, 1954. On August 28, 1964, agents of the Internal Revenue Service applied for and were granted Commissioner's search warrants authorizing the search of appellant's person, automobile and home for "bookmaking records and wa-

gering paraphernalia consisting of memoranda of wagers made, bet slips, account sheets or books relating to wagers, bettors' code identification list; recap sheet or sheets, schedules of sporting events on which point spreads (the line) are recorded, and money used in or derived from a bookmaking operation which are, have been, and will be used in violation of Sections 4401, 4411, 4412, 7201, 7203 of the Internal Revenue Code of 1954." The validity of the warrants is not questioned and appellant's sole contention is that the articles seized are private papers and not instrumentalities of crime. In other words, appellant asserts that the seizure resulting from the lawful search exceeded the authority of the warrants and was thus unreasonable and constitutionally prohibited. There is no doubt but that the objects sought for and described in the warrant can constitute instrumentalities of crime (gambling paraphernalia), United States v. Clancy, 7 Cir., 276 F.2d 617, 629–630, reversed on other grounds, 365 U.S. 312, 81 S.Ct. 645, 5 L.Ed.2d 574; see also Harris v. United States, 331 U.S. 145, 67 S.Ct. 1098, 91 L.Ed. 1399, and our inquiry is thus whether the materials discovered and seized fall within the authority of the warrant or result from and are the fruit of an exploratory search prohibited either with or without a warrant. United States v. Lefkowitz, 285 U.S. 452, 52 S.Ct. 420, 76 L.Ed. 877.

Without describing in detail each of the exhibits which constitute the papers and articles seized it is sufficient to state that included therein is $98 in cash taken from appellant's person, lists of names and addresses with unexplained notations thereon, race track programs and results, and numerous slips of paper showing such notations as "Phils. 7/10 50," "Minnesota–13/20 75," "Sox (E) 30." In support of his motion for the return of the property, appellant testified that none of the seized articles were used by him as instruments of accepting wagers. However, he refused to submit to cross examination upon his statements choosing, rather, to seek the shelter of the Fifth Amendment. Under such circumstances we think his testimony has no probative value and does not aid in determining the nature of the seized papers nor in sustaining his burden of showing a right to the return of the property.

Nor can we say, as a matter of law, that the seized papers are not instrumentalities of crime or are not within the specifics of the warrant.[1] It is true that a list of names and addresses may be completely innocuous but such list, accompanied by unexplained symbols, may be a betting list; and certain it is that when such a list is found together with many memoranda such as "Phils. 7/10 50" which give rise to inferences of odds and wagers on a sporting event, the likelihood that such list is a simple private paper is lessened. The trial court specifically found from the totality of circumstances that the papers were, as a matter of fact, gambling paraphernalia, and we will not upset that finding unless it is clearly erroneous or to prevent manifest injustice. This is not such a case. Compare Weed v. United States, 10 Cir., 340 F.2d 827, 828, with, Murray v. United States, 10 Cir., 333 F.2d 409, 412; vacated on other grounds, 380 U.S. 527, 85 S.Ct. 1345, 14 L.Ed.2d 266.

The judgment is affirmed.[2]

---

1. Although the trial court found the materials to be "bookkeeping records and/or wagering paraphernalia" the government now concedes that the "required records" doctrine is not applicable to the case at bar. Compare Shapiro v. United States, 335 U.S. 1, 68 S.Ct. 1375, 92 L.Ed. 1787.

2. Although we entertain considerable doubt that the $98 taken from appellant's person can be categorically lumped with the other seized property we are not asked to give consideration to this aspect of the case either in brief or argument. Appellant's counsel stated, upon inquiry, that his interest in result was limited to the lists of names and addresses.