**In re Vincent INZIRILLO.**

No. 76–1343.

United States Court of Appeals,
First Circuit.

Submitted Aug. 18, 1976.

Decided Aug. 24, 1976.

William J. Cintolo, Boston, Mass., for appellant.

James N. Gabriel, U. S. Atty., Boston, Mass., Gerald E. McDowell, and John R. Tarrant, Sp. Attys., U. S. Dept. of Justice, Washington, D.C., on brief, for appellee.

Before COFFIN, Chief Judge, McENTEE and CAMPBELL, Circuit Judges.

PER CURIAM.

Appellant is presently in custody as a recalcitrant witness before a grand jury. This appeal challenges the district court's ruling that he was in contempt as well as its refusal to order an independent physical examination.

On May 6, 1976 appellant appeared before a special grand jury for the District of Massachusetts. In response to questioning,

he invoked his constitutional privilege against self-incrimination and was advised that he had been granted use and derivative use immunity under 18 U.S.C. §§ 6002, 6003 on April 29, 1976. The witness was excused to consult with counsel and ordered to reappear on May 20, 1976. The witness reappeared as ordered but refused to answer questions, invoking his constitutional privilege despite the grant of immunity. The government informed the witness that it intended to seek an order requiring him to show cause why he should not be held in contempt, and on July 26, after a hearing, the witness was held in contempt under 28 U.S.C. § 1826.

Appellant argues that he had just cause for claiming his constitutional privilege after the grant of immunity because he is awaiting trial in state court on charges similar to those being investigated by the grand jury; that the grand jury is being used improperly to gather evidence for the state trial; and that the district court denied him due process in refusing to order an independent physical examination to determine his fitness to testify before the grand jury. We find no merit in any of these claims.

■ First, appellant claims that the grant of immunity is not co-extensive with his fifth amendment privilege. Because federal agents involved in the grand jury investigation are cooperating with state officials and will be called as witnesses in his state trial, he says that it will be impossible to determine whether his grand jury testimony, or investigative leads derived from it, are being used in the state trial. This argument, that the ban on derivative use would be "impossible to enforce", was rejected in *Kastigar v. United States,* 406 U.S. 441, 459, 92 S.Ct. 1653, 32 L.Ed.2d 212 (1972). Holding that the immunity provided under 18 U.S.C. § 6002 is co-extensive with the fifth amendment privilege, the Court said that "[o]ne raising a claim under

this statute need only show that he testified under a grant of immunity in order to shift to the government the heavy burden of proving that all of the evidence it proposes to use was derived from legitimate independent sources." 406 U.S. at 461–462, 92 S.Ct. at 1665. Thus appellant's remedy is not to remain silent, but to raise the issue of his immunity in the state proceeding.* *See Murphy v. Waterfront Commission,* 378 U.S. 52, 79 n. 18, 84 S.Ct. 1594, 12 L.Ed.2d 678 (1964).

■ Appellant also claims that the dominant purpose of his grand jury appearance is to gather evidence for the state proceeding, and that this improper purpose justified his refusal to answer regardless of constitutional privilege. He points to the fact that he was arrested two days before his scheduled grand jury appearance and charged with violations of state gambling laws, while the grand jury is investigating the conduct of illegal gambling operations in violation of 18 U.S.C. §§ 2, 371 and 1955. While compelling evidence of possible abuse of grand jury process to gather material for a pending trial could result in some form of judicial relief for a witness, *see United States v. Doe (Ellsberg),* 455 F.2d 1270 (1st Cir. 1972), mere similarity of subject matter, proximity in time, and intergovernmental cooperation do not indicate any abuse of grand jury process. A presumption of regularity attaches to grand jury proceedings, *In re Lopreato,* 511 F.2d 1150, 1152 (1st Cir. 1975), and appellant's conclusory allegation does not rebut the presumption.

■ Finally, appellant claims that the district judge should have ordered an independent physical examination to determine his fitness to testify. Appellant offered a letter from his physician stating that his condition was "vulnerable to the precipitation of angina pectoris or even a heart attack, if he is subjected to intimidation, harassment or other provocation." The dis-

* It might be observed in this connection that appellant was tried and convicted on the state charge in Boston Municipal Court on June 22. He has appealed and is awaiting trial de novo in the Superior Court. If there is any merit to appellant's claim that the information leading to his arrest may have been improperly derived from grand jury sources, this has nothing to do with his own testimony or immunity, since he has not yet testified.

trict court had no reason to assume that the witness would be "intimidated" or "harassed". Moreover, although the witness told the grand jury on May 20 that he was in poor health, he did not request a physical examination or otherwise press this claim until the contempt hearing on July 26. Under the circumstances, the district court ·could reasonably have concluded that there was no substantial danger to appellant's health, and that the request for an examination was merely a tactic for delay. *Compare United States v. Thompson,* 319 F.2d 665, 670 (2d Cir. 1963) *with In re Braver,* 305 F.Supp. 467, 469 n. 3 (S.D.N.Y.1969).

*Affirmed.*