**UNITED STATES, Appellee,**

v.

**Crispin R. WHITEHEAD, Specialist Four, U. S. Army, Appellant.**

No. 32,344.

CM 433196.

U. S. Court of Military Appeals.

Aug. 14, 1978.

For appellant—*Captain Robert H. Herring, Jr.* (argued) and *Captain Lawrence E. Wzorek* (on brief).

For appellee—*Captain Laurence M. Huffman* (argued); *Colonel Thomas H. Davis* (on brief); *Major John T. Sherwood* (on brief).

Opinion of the Court

FLETCHER, Chief Judge:

The appellant was convicted, contrary to his pleas, of two specifications of larceny and one specification of wrongful disposition of government property, in violation of Articles 121 and 108, Uniform Code of Military Justice, 10 U.S.C. §§ 921 and 908, respectively. He was sentenced to a bad-conduct discharge, confinement at hard labor for two years, forfeiture of all pay and allowances, and reduction to the lowest enlisted grade. The convening authority approved the findings and sentence, and the United States Army Court of Military Review approved the findings and only so much of the sentence as provided for a bad-conduct discharge, confinement at hard labor for eighteen months, total forfeitures, and reduction to the grade of Private E–1. We granted the petition for review to consider the questions of whether the prosecution for the first specification of larceny violated a grant of testimonial immunity, and whether the accused was prejudiced by the trial counsel's sentencing argument urging deterrence of others as a basis for the imposition of the harsher sentence.[1] We need address only the first issue.

Counsel for the appellant have structured a multi-faceted attack on the grant of immunity utilized in this case. Many of these

---

1. Under the guidelines set forth recently in *United States v. Varacalle*, 4 M.J. 181 (C.M.A. 1978), the argument in question, which merely listed deterrence of others as one of many factors for the court members to consider on sentencing, was proper.

contentions were considered by the Court in *United States v. Rivera*, 1 M.J. 107 (C.M.A. 1975), and need not be addressed again. What must be determined is whether the prosecution satisfactorily established a legitimate, independent source[2] for its evidence against the appellant as to specification 1, Charge I. In *Rivera*, we reiterated the Supreme Court's[3] standard for the Government's burden of establishing the requisite independent source, as follows:

> This burden of proof, . . . , is not limited to a negation of taint; rather, it imposes on the prosecution the affirmative duty to prove that the evidence it proposes to use is derived from a legitimate source wholly independent of the compelled testimony.

Indeed, we observed that although the concept of use immunity had, within the above framework, passed constitutional muster,[4] the strict standard enunciated by the Supreme Court in *Kastigar v. United States*, 406 U.S. 441, 92 S.Ct. 1653, 32 L.Ed.2d 212 (1972), compelled the conclusion that "only the exceptional case can be tried after a grant of testimonial immunity."[5]

Counsel for the Government acknowledge the *Kastigar* standard, and its corollary that this burden will not be satisfied by mere assurances by the Government that all evidence was independently obtained, "no matter that they were uttered in good faith and with the utmost integrity of belief."[6] However, the Government contends that the evidentiary hearing which we made mandatory in *Rivera*[7] was not necessary in this case because, in their view, counsel for the appellant did not satisfactorily raise the issue to "put the Government to its burden of establishing the independence of its evidence."[8]

Government counsel premise this argument on the fact that the defense counsel's motion at trial focused on whether the immunity granted the accused had been full/transactional as opposed to use/testimonial.[9] Counsel urge that, as such, the trial judge had no obligation to require the prosecution to demonstrate the existence of a legitimate independent source for its evidence on this charge. We disagree, for this reason:

> Once a defendant demonstrates that he has testified, under a state grant of immunity, to matters related to the federal prosecution, the federal authorities have the burden of showing that their evidence is not tainted by establishing that they had an independent, legitimate source for the disputed evidence.[10]

2. *Murphy v. Waterfront Comm'n*, 378 U.S. 52, 84 S.Ct. 1594, 12 L.Ed.2d 678 (1964).

3. *Kastigar v. United States*, 406 U.S. 441, 460, 92 S.Ct. 1653, 32 L.Ed.2d 212 (1972).

4. *Zicarelli v. New Jersey State Comm'n of Investigation*, 406 U.S. 472, 92 S.Ct. 1670, 32 L.Ed.2d 234 (1972); *see United States v. Wilson*, 421 U.S. 309, 95 S.Ct. 1802, 44 L.Ed.2d 186 (1975).

5. *United States v. Rivera*, 1 M.J. 107, 111 n. 6 (C.M.A.1975).

6. *United States v. Rivera, supra. See United States v. Seiffert*, 463 F.2d 1089 (5th Cir. 1972); *United States v. Kelly*, 464 F.2d 709 (5th Cir. 1972); *In re Inzirillo*, 542 F.2d 90 (1st Cir. 1976).

7. *See United States v. McDaniel*, 449 F.2d 832, 836–37 (8th Cir. 1971), *cert. denied* 405 U.S. 992, 92 S.Ct. 1264, 31 L.Ed.2d 460 (1972).

8. Brief on Behalf of the United States under Rule 43, page 8.

9. The defense contended at trial that despite the fact that the letter ordering the appellant to testify at his co-accused's trial both by its heading and its express terms was clearly a grant of testimonial immunity, dismissal was required because the defense had assumed that full immunity had been given. We are satisfied that the record of trial, including the exhibits offered and the testimony of the various personnel involved in the issuance and utilization of the grant of immunity, supports the trial judge's ruling that the appellant testified pursuant to a valid grant of use immunity, and that hence, subsequent prosecution was not automatically barred. As detailed above, the problem in this case is the failure of the trial judge to require the prosecution to establish *on the record* compliance with the *Murphy-Kastigar-Rivera* standard concerning a legitimate independent source.

10. *Murphy v. Waterfront Comm'n*, 378 U.S. 52, 79 n. 18, 84 S.Ct. 1594, 12 L.Ed.2d 678 (1964).

Here, while the trial judge properly determined that the appellant had previously testified pursuant to a grant of use immunity, he limited his inquiry on the question of legitimate independent source to the following:

Q: [N]ow, does the Government intend to introduce in this trial any testimony which Specialist Whitehead gave at the Hillmon trial?

A: No, your Honor.

This is simply insufficient, and corrective action is required.[11]

Unlike *Rivera*, the record before us does not demonstrate that the Government made derivative use of this accused's testimony from the earlier trial, and hence, a remand, rather than dismissal, is necessary.

The decision of the United States Army Court of Military Review as to specification 1, Charge I, and the sentence, is vacated. The record of trial is returned to the Judge Advocate General of the Army with direction to return the record to a convening authority for a limited rehearing on the question of the existence of a legitimate independent source for the prosecution's evidence as to this offense. The limited rehearing will be held within 30 days of the date of this decision unless a continuance is otherwise granted by the presiding judge. Should either the trial judge conclude the government failed to establish a legitimate independent source for its evidence, and thereby enters an order setting aside the finding as to that charge, or the convening authority determine a rehearing to be im-

practicable and dismisses the charge, the convening authority will then reassess the sentence, following a new review and action, and forward the record for further review under Article 66, UCMJ.

Alternatively, should the trial judge conclude that the Government had a legitimate, independent source for its evidence, he shall reinstate the finding and sentence, and forward his special findings of fact as well as conclusions of law to this Court in addition to a verbatim transcript.

Judge PERRY concurs.

COOK, Judge (dissenting):

I agree with the majority that the grant of immunity given to the accused proscribed use of any testimony by him regarding the offense but did not protect against prosecution on the basis of independent evidence. However, I disagree with the majority that the record does not establish independent sources for the evidence used by the Government at accused's trial.

As presented in the accused's petition for grant of review, the assignment of error was that prosecution of the accused on Charge I, specification 1 (larceny of Government generators on July 3, 1974) "was in violation of a grant of immunity." The same allegation had been advanced before the Court of Military Review. Both in that court and in his brief in support of the petition in this Court, the accused made no claim that the Government had failed to

---

11. As the Supreme Court noted in *Kastigar v. United States, supra,* this burden of proof is not simply "limited to a negation of taint," and it, therefore, becomes evident why a full evidentiary hearing, as opposed to the rather limited inquiry found in this record, is required. Not only did this trial judge fail to conduct the type of hearing necessary to make a sufficient record for appellate review [*United States v. Rivas,* 3 M.J. 282 (C.M.A.1977) (Fletcher, C. J., concurring)], but the very nature of his single question indicates a lack of perception as to the full extent and nature of this burden of proof.

While we can appreciate the Government's position that counsel should raise and litigate issues at trial, we will not accept their contention that the defense waived further considera-

tion of this issue. Indeed, once there was evidence that the accused had given testimony pursuant to a grant of testimonial immunity, the prosecution was required to go forward with evidence of a legitimate independent source as a predicate for further proceedings.

We reject government counsel's argument that this rule places the Government in the position of *sua sponte* anticipating and answering all possible objections to its evidence, regardless of the ground or merits, prior to a motion by the defense. Instead, we simply apply the understandably strict standard set forth by the Supreme Court for subsequent prosecution of a person who testified under a grant of immunity.

establish an independent source for the evidence used against him. However, after our grant of review, for the first time, the accused asserted, in his Rule 43 brief, that even if the immunity grant was "interpreted to be testimonial, the government failed to meet the heavy burden of demonstrating its independent source of evidence." In these circumstances, I believe the Court is obligated to examine the record to determine whether there is, indeed, such uncertainty as to source as to require further inquiry into that matter. In my opinion, the record demonstrates, beyond any reasonable doubt, that the evidence used against the accused came from sources independent of his testimony at the trial of his co-accused, Hillmon.

The grant of immunity is undated, but during the hearing on the motion to dismiss the July 3 offenses, because of the grant of immunity, trial counsel testified, without impeachment or contradiction, that the accused and his then-counsel were given the grant of immunity in a meeting with him on December 3. The day before, the accused's own trial had started, and at that time Captain Loh represented him. He had come into the case as defense counsel immediately after the accused was apprehended on July 18, in connection with the offenses of that date.

Both the offenses of July 3 and 18 had been referred to trial. Previously, however, the accused had apprised Captain Loh that he had decided to "cooperate" with the Government and he had, in fact, made an incriminating statement to CID agents. As a result of discussions between trial and defense counsel regarding the accused's disposition to cooperate, trial counsel intended not to present evidence as to the July 3 offenses and to give the accused the grant of immunity in regard to those offenses. The first anticipation was frustrated by the accused.

To the declared "total surprise" of Captain Loh, the accused informed the trial judge that he wanted Captain Loh "to be excused" as his lawyer, and he desired, as counsel, an Air Force officer from nearby Osan Air Base. That officer and the accused met with trial counsel the next day. Four days later, the accused testified at Hillmon's trial.

Appellate defense counsel concede that accused's testimony at Hillmon's trial on December 6 was "essentially the same" as the testimony he had given on September 10 at the hearing conducted by the Article 32 officer investigating the charges against Hillmon. The accused's own Article 32 hearing was held on September 13. The evidence included in the investigating officer's formal report of that hearing is that used by the Government against the accused at his trial. That evidence, consisting of documents and expected testimony, was summarized in the staff judge advocate's pretrial advice, dated October 1, 1974. Included in the summary is evidence to the effect that a generator listed on a transportation document for generators loaded on a truck driven by the accused on July 3, for delivery from Camp Humphreys to Camp Carroll, was found on July 18, in an orchard near Camp Humphreys. I have no doubt, therefore, that all the evidence used against the accused was known and available to the Government long before, and independent of, the accused's testimony at Hillmon's trial. Consequently, I perceive no merit in this aspect of the accused's attack on his conviction.

In any event, the case is now so stale that I believe prolongation of the proceedings to effectuate the disposition directed by the majority serves no useful purpose. The offenses were committed in July 1974. The necessary witnesses, undoubtedly, have been scattered, and perhaps some have been separated from the military service. Further, the term of confinement to which the accused was sentenced has long since expired. I would, therefore, set aside the findings of guilty of Charge I, specification 1; dismiss that charge; and return the record of trial to the Court of Military Review

for reassessment of the sentence on the basis of the remaining findings of guilty. This disposition has the added advantage of giving the Court of Military Review the opportunity to consider the impact of the alleged improper argument on sentence by trial counsel. *See United States v. Mosely,* 1 M.J. 350 (C.M.A.1976).[1]

1. By separate order, the majority vacated our grant of a third assignment of error, which alleges that the accused was denied due process because service upon him of the authenticated record of trial was untimely and, therefore, in violation of Article 54(c), Uniform Code of Military Justice, 10 U.S.C. § 854(c). Here, as in *United States v. Edwards,* No. 31,318 (Order, June 25, 1976), the record was served upon the accused after the convening authority had acted. In *Edwards,* the Court set aside the convening authority's action for such untimely service. In light of *Edwards,* I do not believe our grant of the assignment of error was improvident. However, on further review of the record, I am satisfied that the error was harmless to the accused.