**In re Grand Jury Subpoena, Raymond SOTO–DAVILA.**

Misc. No. 82–0088CC.

United States District Court,
D. Puerto Rico.

Dec. 23, 1982.

See also, D.C., 96 F.R.D. 409.

Juan R. Acevedo, P. Varela and Judith Berkan, Hato Rey, P.R., for petitioner.

## OPINION AND ORDER

CEREZO, District Judge.

Petitioner Raymond Soto-Dávila has filed a document entitled Motion to Quash Grand Jury Subpoena or in the Alternative for a Hearing and Stay and two affidavits. The grounds for this motion are that the attempt to compel him to testify is an unlawful abuse of the grand jury process because it "is an improper function for a grand jury to serve as an adjunct to the FBI," the grand jury is without jurisdiction to issue the subpoena, the composition of the grand jury and the foreperson selection process violates his constitutional rights, the subpoena is the product of illegal electronic or other surveillance. Petitioner also claims that the subpoena should be quashed because the U.S. Attorney failed to follow its own guidelines for these situations in failing to approach petitioner for a voluntary appearance prior to issuing the subpoena. In the affidavits movant and his attorney state that on December 1, 1982 movant was served with a copy of a subpoena ordering him to appear before a grand jury on December 17, 1982 because the FBI had been informed that he had participated in the robbery of a Wells Fargo truck in November 1982. The affidavit also indicates that Assistant U.S. Attorney James Walker informed movant's attorney that Mr. Soto would not be required to testify, only to produce exemplars and appear before a line-up and that, if Mr. Soto voluntarily came forward and complied with the requests, his appearance would be unnecessary. Petitioner did not file a copy of the subpoena he wishes to quash nor did he indicate whether it was defective in any way. As of this date contempt proceedings have not been initiated against him.

According to Rule 17(c), Federal Rules of Criminal Procedure, a subpoena duces tecum may be quashed or modified upon a promptly made motion "if compliance would be unreasonable or oppressive." Subpoenas duces tecum have been quashed when they are overbroad in their request, when they seek irrelevant or privileged matters or if they constitute an unreasonable search and seizure within the prohibition of the Fourth Amendment. See: *In Re Grand Jury Proceedings,* 632 F.2d 1033, 1040 (3rd Cir.1980); 2 Wright, *Federal Practice and Procedure: Criminal 2d,* Sec. 275. However, the burden to establish, at least initially, the defects in the subpoena is on the moving party since grand jury proceedings have a presumption of regularity. *In Re Lopreato,* 511 F.2d 1150, 1152 (1st Cir.1975).

In the present situation petitioner has not met this burden. He has not questioned the subpoena on grounds that it is overbroad or burdensome. He has not objected on grounds of relevancy and, in fact, his own affidavits appear to sustain the relevancy of the investigation and the subpoena. The constitutional arguments are phrased in extremely general terms and defeated by petitioner's own sworn statements as to the matter requested by the subpoena (exemplars and appearance at a line-up). See: *United States v. Mara,* 410 U.S. 19, 93 S.Ct. 774, 35 L.Ed.2d 99 (1973); *United States v. Dionisio,* 410 U.S. 1, 93 S.Ct. 764, 35 L.Ed.2d 67 (1973). *In Re Melvin,* 550 F.2d 674, 676 (1st Cir.1977). The argument that the subpoena should be quashed based on the government's alleged failure to comply with the guidelines given to U.S. Attorneys by the Department of Justice is also without merit. By his own statements petitioner recognizes that the government tried to secure his voluntary appearance which is what the guidelines suggest. Even assuming that a failure to follow said guidelines would result in petitioner's request, there is no showing that such guidelines have been violated. See: *Appeal of Angiulo,* 579 F.2d 104, 107 (1st Cir.1978).

The contention that the subpoena is the product of electronic surveillance is not ripe yet for adjudication since no contempt proceedings as of this date have been filed and the argument regarding the constitutional protection against incriminating statements is without merit in view of the immunity granted by 18 U.S.C. Sec. 6002 when a witness before a grand jury claims his privilege against self-incrimination. In any event, petitioner's own sworn statements indicate that he will not be called to testify.

The Supreme Court has often expressed that the expeditious handling of grand jury proceedings are a major policy consideration, *United States v. Calandra,* 414 U.S. 338, 94 S.Ct. 613, 38 L.Ed.2d 561 (1974) and that a grand jury is given ample powers of investigation even though they may cause some discomfort to the privacy of witnesses subpoenaed. *Id.* at 344–45, 94 S.Ct. at 618–619. The scope of a grand jury investigation "is not to be limited narrowly by questions of propriety or forecasts of the probable result of the investigation or by doubts whether any particular individual will be found properly subject to an accusation of crime" *Blair v. United States,* 250 U.S. 273, 282, 39 S.Ct. 468, 471, 63 L.Ed. 979 (1919). And the "relevancy" requirement in the context of a grand jury proceeding is measured by a less exacting standard which is satisfied as long as there is a logical connection between the material to be subpoenaed and the charges that constitute the focus of the grand jury's probe. *In re Grand Jury Investigation,* 459 F.Supp. 1335, 1342 (E.D.Pa.1978).

There is also a strong policy of preventing any unnecessary interruption or stay of grand jury proceedings. *In re Grand Jury Proceedings (U.S. Steel),* 525 F.2d 151 (3rd Cir.1975). Our Circuit has indicated that "unnecessary delay of the [grand jury] proceedings and dilatory tactics on the part of witnesses are to be strongly discouraged." *In re Lopreato,* at 1152. Petitioner's deficient showing, which does not even include a copy of the subpoena for the Court's examination, and his conclusory arguments are insufficient to interrupt the grand jury proceedings and/or to curtail the traditionally broad powers granted to a grand jury investigation. *United States v. Calandra,* 414 U.S. 338, 344, 94 S.Ct. 613, 618, 38 L.Ed.2d 561 (1973). The absence of any adversary proceedings against petitioner at this stage make the other arguments raised inapplicable and prevent this Court from exercising its powers without encountering serious constitutional questions of Article III jurisdiction which have not even been remotely addressed by petitioner's motion. In short, we believe petitioner's request is insufficient and premature and advance no legitimate reasons to disrupt the grand jury proceedings and to quash the subpoena. In fact, the sixteen-day delay and the filing of a general unspecific motion on precisely the

same day the grand jury was to be convened is a strong indicator that the real reasons for filing these requests may lie elsewhere. Our denial of petitioner's request is without prejudice of his right to file the appropriate civil or criminal action regarding whatever other constitutional claims that he alleges the grand jury or a government agency may have deprived him of as well as his right to request the appropriate remedy if contempt proceedings are filed against him and to petition in a more specific manner for the quashing of the subpoena. The Motion to Quash the Subpoena is therefore DENIED and the case filed as Misc. 82–0088 is DISMISSED.

SO ORDERED.