## In re GRAND JURY PROCEEDINGS.

### Appeal of Warren WILSON.

### No. 86–1229.

United States Court of Appeals, First Circuit.

Submitted March 26, 1986.

Decided April 7, 1986.

William A. Brown and Brown & Prince, Boston, Mass., on brief, for appellant.

Richard V. Wiebusch, U.S. Atty., Concord, N.H., and Jeffrey L. Russell, on brief, for appellee.

Before CAMPBELL, Chief Judge, BREYER and TORRUELLA, Circuit Judges.

PER CURIAM.

There is no doubt that the district judge acted within the scope of his authority when he held appellant Warren Wilson ("Wilson") in contempt for refusing to answer questions posed by a grand jury.

Wilson, an immunized witness, was scheduled to testify before the grand jury on January 22, 1986. On that day appellant's counsel, William Brown, who was representing other subpoenaed witnesses as well, informed the government's attorney conducting the proceedings ("the DOJ attorney") that Wilson was ill and would not appear. A new appearance date was scheduled. Several days later, however, appellant's counsel requested a further continuance because of a scheduling conflict of his own. The DOJ attorney was again cooperative and rescheduled Wilson's appearance to March 5, 1986.

On March 4, 1986, the DOJ attorney called Mr. Brown's office to remind him that Wilson was scheduled to appear before the grand jury the following day. Brown's secretary replied that Brown was out of the office on trial, and probably would not be available on the 5th. The DOJ attorney indicated that he would not agree to any further continuance unless Brown personally called to make the arrangements. Brown never contacted the DOJ attorney.

On March 5, 1986, Wilson appeared before the grand jury without counsel. The record indicates that Wilson knew at the time he appeared that Brown would not be present, but did not arrange for alternative representation. Instead, Wilson informed the grand jury that he would answer no questions until his attorney could be present. The district judge then advised Wilson of his obligation to testify, and ordered him to return to the grand jury room.

When Wilson persisted in his silence, the court found him in contempt.

Appellant filed two items in support of his appeal: (1) a three-page brief arguing that he had a right to consult with counsel from time to time during grand jury proceedings; and (2) a motion (which was allowed) adopting the brief filed by appellant Robert Hollingsworth in case No. 86–1230, another appeal from the same grand jury session. That brief discusses the requirements imposed on the government once a witness claims he has been the subject of electronic surveillance.

■ The first argument misses the mark. No one suggested that Wilson could not consult with an attorney from time to time during the course of the grand jury proceedings. The issue was whether appellant was entitled to delay proceedings for the convenience of his counsel. It is obvious that he was not. *See In re Lopreato,* 511 F.2d 1150, 1152 (1st Cir.1975) (expeditious handling of grand jury proceedings is a major public policy consideration; unnecessary delay of the proceedings and dilatory tactics on the part of witnesses are to be strongly discouraged). The district court did not exceed its authority by holding Wilson in contempt. We note that the court informed Wilson that he could purge himself of contempt at any time by testifying. Nothing in the district court's order prevents Wilson from consulting with counsel as appropriate when Wilson appears before the grand jury.

■ The second issue—wiretapping—has absolutely nothing to do with this case. We do not understand why appellant's counsel thought it appropriate to adopt Hollingsworth's brief.

Our review of the record and of the arguments presented to this court convinces us that Wilson's appeal was frivolous and served only to delay proceedings. Appellant's arguments simply do not address the only issue presented by the appeal. We are not aware of any legal or policy argument which would support the repeated delay of grand jury proceedings for

the convenience of an immunized witness' counsel. In the circumstances of this case, we think it is appropriate to assess double costs and attorneys fees of $300 against appellant. *See Natasha, Inc. v. Evita Marine Charters, Inc.,* 763 F.2d 468, 472 (1st Cir.1985); *Commonwealth Electric Company v. Woods Hole, Martha's Vineyard and Nantucket Steamship Authority,* 754 F.2d 46, 49 (1st Cir.1985). *See also Gianfriddo v. The Western Union Telegraph Company,* 787 F.2d 6, 7 (1st Cir.1986) (unless counsel advised his client against the propriety of taking a frivolous appeal, counsel should reimburse appellant for the fees and costs imposed).

*Judgment affirmed. Mandate to issue forthwith.*