865 F.2d 217
 57 USLW 2434
 FIRST NATIONAL BANK OF TULSA, The Fourth National Bank of
Tulsa, Freeman Education Association, an unincorporated
association, Vernon O. Holland, Trustee, Kevin D. O'Brien,
Trustee, James D. Mauldin, Trustee, Individually and on
behalf of the associates of Freeman Education Association,
Plaintiffs-Appellants,
v.
The U.S. DEPARTMENT OF JUSTICE, and The United States of
America, Defendants-Appellees.
UNITED STATES of America, Plaintiff-Appellee,
v.
PREMISES KNOWN AS: 8141 EAST 31ST STREET, SUITE F, TULSA,
OKLAHOMA, Tulsa County, Defendant-Appellant.
 Nos. 88-1623, 88-1624.
 United States Court of Appeals,
Tenth Circuit.
 Jan. 4, 1989.
 
 Lowell H. Becraft, Jr., Huntsville, Ala., for plaintiffs-appellants.
 Kenneth P. Snoke, Asst. U.S. Atty. (Tony M. Graham, U.S. Atty., Tulsa, Okl., with him on the brief), for defendants-appellees.
 Before HOLLOWAY, Chief Judge, BARRETT, and LOGAN, Circuit Judges.
 BARRETT, Senior Circuit Judge.
 
 
 1
 These cases were filed as separate appeals and, by direction of this court, were consolidated for briefing and oral argument. We will address both cases in this opinion, sectioned under their respective headings.
 
 I. Grand Jury Subpoenas
 No. 88-1623
 Background
 
 2
 The United States Attorney issued grand jury subpoenas in July, 1987 to four banks requesting production of various records in connection with accounts held by Freeman Education Association (FEA). The subpoenas sought production of numerous documents consisting of virtually all bank business records of FEA's banking transactions. Some documents, by their nature, identified members of FEA. The subpoenas directed that production occur in August, 1987.
 
 
 3
 FEA filed a petition to quash the grand jury subpoenas, supported by affidavits of two of its trustees, claiming that FEA's bank records are protected under the First Amendment, disclosure of records identifying members will have a "chilling effect" on member's rights, and that the United States must demonstrate a compelling need which outweighs those rights. The United States responded, and an evidentiary hearing was held before the court. After the hearing, the district court granted FEA's petition to quash, finding that the government had not demonstrated a compelling need, and that FEA had "established a prima facie showing of arguable First Amendment infringement."
 
 
 4
 The government filed a motion for rehearing, supported by the affidavit of a Special Agent who had testified at the hearing. The affidavit presented the particular circumstances surrounding the government's compelling need for the bank records and it also explained why some less obtrusive method for obtaining the records would not be practical. FEA filed an Opposition to the Government's Motion for Reconsideration, without responding to the Special Agent's affidavit. The district court then vacated its previous order and denied FEA's motion to quash the grand jury subpoenas. The court found, based on its consideration of the government's affidavit and arguments, that a compelling need to obtain documents identifying FEA members had now been demonstrated. FEA's subsequent motion for reconsideration and for a stay of proceedings pending appeal was denied by the court.
 
 A.
 
 5
 FEA contends, as it did before the district court, that the grand jury subpoenas should be quashed and the records suppressed because they constitute an infringement of FEA's First Amendment rights. For the first time, however, FEA also claims a lack of subject matter jurisdiction. FEA argues in its brief that "[t]he record is void of evidence that either when the grand jury subpoenas were issued, or when the motion was heard, that there was, in fact, a grand jury assigned to investigate the appellants, or that there was any involvement of a grand jury in the issuance of the subpoenas. Therefore, the district court was without subject matter jurisdiction to issue or enforce said subpoenas." (Brief or Appellant at p. 11).
 
 
 6
 This is a question of first impression in this court. In our review of authority, we are struck by three general propositions: a presumption of regularity attaches to a grand jury subpoena, and those challenging its regularity have the burden of showing irregularity, In re Lopreato, 511 F.2d 1150 (1st Cir.1975); courts must watch carefully for abuse of grand jury power, United States v. Kilpatrick, 821 F.2d 1456 (10th Cir.1987), aff'd, sub nom. Bank of Nova Scotia v. United States, --- U.S. ----, 108 S.Ct. 2369, 101 L.Ed.2d 228 (1988), citing United States v. De Rosa, 783 F.2d 1401 (9th Cir.1986), cert. denied, 477 U.S. 908, 106 S.Ct. 3282, 91 L.Ed.2d 571 (1973); and the United States Attorney is allowed considerable leeway in preparing for a grand jury investigation, United States v. Santucci, 674 F.2d 624 (7th Cir.1982), cert. denied, 459 U.S. 1109, 103 S.Ct. 737, 74 L.Ed.2d 959 (1983).
 
 
 7
 The record on appeal shows that grand jury subpoenas were issued on the application of the United States Attorney and indicates that a grand jury was indeed presented with the subpoenaed materials. Based on that record and on the general propositions set out above, we hold that the district court possessed the requisite subject matter jurisdiction to issue the grand jury subpoenas on application of the United States Attorney. We do not reach the question of whether the same subject matter jurisdiction exists if there is no grand jury sitting at the time grand jury subpoenas are issued, or if there is no grand jury sitting on the return date for the subpoenaed material, because we have no such evidence in the record before us. In any event, it is the burden of the challenging party to show irregularity in a grand jury subpoena. Lopreato, supra. FEA has not met that burden.
 
 
 8
 In reaching this conclusion, we have taken into consideration a variety of authority. In United States v. Simmons, 591 F.2d 206 (3rd Cir.1979), the court held that (for purposes of the obstruction of justice statute, 18 U.S.C. Sec. 1503) an investigation ripens into a pending grand jury investigation when officials apply for, and cause to be issued, subpoenas to testify before a sitting grand jury. Simmons, id., also stands for the general proposition that the remedy against abuse of the process is to inquire in each case as to whether the subpoena was issued "in furtherance of an actual grand jury investigation, i.e., to secure a presently contemplated presentation of evidence before the grand jury." Id. at 209.
 
 
 9
 Along the same line, it has been held that the United States Attorney cannot use his subpoena powers without some participation of the grand jury. In re Melvin, 546 F.2d 1 (1st Cir.1976). In United States v. Hilton, 534 F.2d 556 (3rd Cir.1976), the court held that a grand jury subpoena is no substitute for a proper application before a judicial officer for a search warrant in a case where the subpoena commanded a forthwith presentation of the materials at a time when the United States Attorney may or should have known that the grand jury would not be in session to receive the materials forthwith.
 
 
 10
 As evidence of the considerable leeway afforded prosecutors, it has been held that a United States Attorney has the authority to obtain a blank grand jury subpoena form, fill in the blanks, and serve the subpoena without the authorization (or even knowledge) of the grand jury. United States v. Kleen Laundry, 381 F.Supp. 519 (E.D.N.Y.1974). That court also held that it is not improper for the materials subpoenaed to be withheld from the grand jury until the government has analyzed them; the absence of a sitting grand jury at the time the subpoena was issued was not a problem because the return date was set for a day when the grand jury was normally in session; and it was not improper that the grand jury which heard the subpoenaed evidence was not the grand jury in session when the subpoena was issued. See also, United States v. Thompson, 251 U.S. 407, 40 S.Ct. 289, 64 L.Ed. 333 (1928); In re Grand Jury Proceedings, Robert Sutton v. United States, 658 F.2d 782 (10th Cir.1981).
 
 B.
 
 11
 FEA contends that the district court erred in finding that the government demonstrated a compelling need to obtain the subpoenaed bank records. We disagree.
 
 
 12
 FEA relies primarily on this court's decision in In re First National Bank, Englewood, Colo., 701 F.2d 115 (10th Cir.1983) to support its position. That case, however, is not controlling; it is distinguishable from the instant case. Although In re First National Bank, id., dealt with the same issue with which we are here presented, the proceeding was at a different stage. There we held that the National Commodity and Barter Association (NCBA) (which is an organization similar to FEA) had made a prima facie showing of arguable First Amendment infringement requiring us to remand for an evidentiary hearing so that the government could demonstrate its compelling need for the material. In the case before us, an evidentiary hearing for that very purpose has already been held. Thus, the commands of In re First National Bank, id., have been met.
 
 
 13
 In our view, the disposition of this issue is controlled by the holding in In re Grand Jury Proceeding, 842 F.2d 1229 (11th Cir.1988). FEA's attempts to distinguish that case are not persuasive. In re Grand Jury Proceeding, id., recognized that the right to associate for expressive purposes is not absolute, and that there are important governmental interests which may outweigh the possibility of an infringement. The court held that "[t]here is no doubt that this case implicates a compelling governmental interest. The government is investigating possible criminal violations of the tax laws and suggests that individuals may be using the structure of NCBA's financial system to evade requirements for reporting taxable income. A good-faith criminal investigation into possible evasion of reporting requirements through the use of a private banking system that keeps no records is a compelling interest." In re Grand Jury Proceeding, supra, at 1236. That is precisely the situation presented here.C.
 
 
 14
 Finally, FEA argues that it was entitled to a second evidentiary hearing before the district court vacated its prior order quashing the grand jury subpoenas. We disagree. As previously noted, we held in In re First National Bank, Englewood, Colo., supra, that when an organization such as FEA makes a prima facie showing of possible First Amendment infringement, an evidentiary hearing must be held in order that the district court determine whether the government can show a compelling need for the materials. Such a hearing was held here. It is irrelevant that the district court based its finding of the government's compelling need not only on the evidence presented at the hearing, but also on a later submitted affidavit.
 
 
 15
 II. Premises Known as: 8141 East 31st Street, Suite F
 
 No. 88-1624
 Background
 
 16
 On September 15, 1987, Criminal Investigators of the IRS executed a search warrant upon the officers of FEA. Numerous and varied items were seized.
 
 
 17
 FEA filed a motion to suppress and for return of property pursuant to Rules 12(b)(3) and 41(e) of the Fed.R.Crim.P. The district court determined that FEA's motion to suppress pursuant to Rule 12(b)(3) was inapplicable because that rule concerns pretrial motions, and there was no indictment pending in this case. The court, therefore, focused its attention on the Rule 41(e) motion and determined that a ruling on such a motion is best deferred until an indictment is returned, absent irreparable harm, thereby denying FEA's motion prior to the return of an indictment. The court found no irreparable harm, reasoning that any injury could be repaired by the government providing FEA with copies of the seized material.
 
 A.
 
 18
 Initially, we address the government's claim that we lack jurisdiction to hear FEA's Rule 41(e) appeal. The United States contends that the district court's ruling on FEA's motion for return of property is not a final appealable order because the circumstances in this case do not satisfy the two-pronged requirement set forth in Dibella v. United States, 369 U.S. 121, 82 S.Ct. 654, 7 L.Ed.2d 614 (1962) that the motion be one solely for the return of property and that it be in no way tied to a criminal prosecution in esse against the movant.
 
 
 19
 We hold, in accordance with this court's decisions in Gottone v. United States, 345 F.2d 165 (10th Cir.), cert. denied, 382 U.S. 901, 86 S.Ct. 234, 15 L.Ed.2d 155 (1965) and Voss v. Bergsgaard, 774 F.2d 402 (10th Cir.1985), that because the movants are neither under arrest nor have an indictment against them, "the motion is not made in nor dependent upon a case in esse." Gottone, 345 F.2d at 165. See also Matter of 949 Erie Street, Racine, Wis., 824 F.2d 538 (7th Cir.1987); In re Grand Jury Proceedings, 716 F.2d 493 (8th Cir.1983); Sovereign News Co. v. United States, 690 F.2d 569 (6th Cir.1982), cert. denied, 464 U.S. 814, 104 S.Ct. 69, 78 L.Ed.2d 83 (1983). We note, however, that there is a split of authority on this point. Contra United States v. Regional Consulting Services, 766 F.2d 870 (4th Cir.1984); DeMassa v. Nunez, 747 F.2d 1283 (9th Cir.1984); United States v. Furina, 707 F.2d 82 (3d Cir.1983); Standard Drywall, Inc. v. United States, 668 F.2d 156 (2d Cir.), cert. denied, 456 U.S. 927, 102 S.Ct. 1973, 72 L.Ed.2d 442 (1982).
 
 
 20
 We see no merit in the government's contention of want of jurisdiction because the motion was not one solely (or primarily) for the return of property. The district court found FEA's motion to suppress inapplicable and chose to disregard it. The only motion under consideration by the court, therefore, was the motion for return of property.
 
 B.
 
 21
 Finally, we consider FEA's claims of district court error regarding the propriety and constitutionality of the search warrant. In denying FEA's motion to suppress and for return of property, the district court rejected the argument that the affidavit for the search warrant failed to state probable cause. The district court had found at a previous hearing that the affidavit did indeed state probable cause. We agree. Also, in its motion to suppress and for return of property, FEA argued that the search warrant was overbroad. The district court did not specifically reach that issue because its denial of FEA's Rule 41(e) motion (finding a ruling best deferred until after the return of an indictment) was dispositive. It found that a Rule 41(e) motion is the functional equivalent of a motion to suppress, and the exclusionary rule does not extend to grand jury proceedings, United States v. Calandra, 414 U.S. 338, 94 S.Ct. 613, 38 L.Ed.2d 561 (1974).
 
 
 22
 We AFFIRM.