Charles SMITH and Irene Smith, Appellants,

v.

UNITED STATES of America and David M. Satz, Jr., United States Attorney for the District of New Jersey, Appellees.

No. 15874.

United States Court of Appeals Third Circuit.

Argued May 1, 1967.

Decided June 2, 1967.

Herbert L. Zuckerman, Newark, N. J., for appellants.

Matthew J. Scola, Asst. U. S. Atty., Newark, N. J., David M. Satz, Jr., U. S. Atty., Newark, N. J., for appellees.

Before McLAUGHLIN, HASTIE and SEITZ, Circuit Judges.

## OPINION OF THE COURT

SEITZ, Circuit Judge.

This is an appeal from an order of the District Court dismissing a petition which (1) sought to enjoin the defendants from presenting certain evidence before a Federal Grand Jury; (2) sought to enjoin the use of such evidence in any manner in the prosecution of the petitioners; and (3) demanded the return of such evidence.

We are dealing with two appealing petitioners who are husband and wife, the husband being the principal actor. He received from the Intelligence Division of the Internal Revenue Service a letter stating that in connection with an official investigation concerning his income tax liability for certain years he was "being afforded an opportunity to appear for an interview by" a designated Special Agent. He was also advised that he might appear with counsel, if he desired, or with any other person who might have knowledge of the facts in his case. He was requested to bring all of his records in support of his income tax returns for the years involved.

The husband appeared alone on April 3, 1963. He was advised that he could refuse to answer any questions which might tend to incriminate him and that anything he might say or produce might be used against him in a criminal prosecution conducted by the United States Government. He said he understood the warning. He was not then advised that he had the right to have an attorney. Nor did he indicate that he understood that he had such a right and waived it. The questioning, which lasted somewhat over one hour, was recorded. He left his records with the two agents present.

In the spring of 1964 the husband retained counsel and on April 15, 1964, he and his counsel went to the offices of the Intelligence Division, read over the transcribed questions and answers given earlier by him, made certain corrections and signed both the original and supplemental transcripts. Several subsequent conferences were held between his counsel and the Revenue Service agents, presumably in an attempt to settle the matter.

On October 1, 1965, petitioners commenced a civil action in the District Court in the form of the petition here involved. At that time the petitioners had not been indicted. Based on the prayers of the petition the District Court issued an order directing the two defendants, the United States of America and the United States Attorney (appellees), to show cause why they should not be required to return any evidence obtained from petitioners in violation of their constitutional rights and why they should

not be enjoined from presenting such evidence to a Federal Grand Jury for the purpose of securing an indictment or from using it to obtain a lead to other evidential matter which could be so used.

A hearing was held on the Rule on November 3, 1965. At its conclusion the court announced orally that the Rule was discharged and the petition denied. However, no order was then entered because the court undertook to write an opinion setting forth the grounds for its determination. On February 23, 1966, petitioners were indicted for income tax evasion for the years 1959 to 1961 inclusive. On February 25, 1966 the court filed its opinion reflecting its earlier decision. The court considered, inter alia, petitioner's claim that certain of his constitutional rights were violated at the first interrogation when he appeared without counsel. It decided that petitioners' contention lacked merit. A final order was entered March 4, 1966 denying the petition. The petitioners promptly filed this appeal.

We are confronted at the outset with the defendants' contention that the District Court's order of March 4, 1966 is non-appealable. Petitioners base jurisdiction here on 28 U.S.C.A. § 1291 (right to hear appeals from final decisions of the district courts) ; or, alternatively, 28 U.S.C.A. § 1292(a) (1) (jurisdiction to hear appeals from interlocutory orders of the district courts, inter alia, refusing injunctions) or, alternatively, 28 U.S.C. A. § 1292(b) (possible appeal where district court's order in a civil action states, inter alia, that a controlling question of law is involved).

Petitioner in reality invoked the equity jurisdiction of the district court in seeking the relief requested in his petition. In view of the relief sought it is evident that the order dismissing the petition is final in the sense that there will be no further orders entered thereon. But, in view of the relief sought by the petitioner, is the order thereon appealable at the instance of the petitioners?

We think the Supreme Court of the United States in DiBella v. United States, 369 U.S. 121, 82 S.Ct. 654, 7 L. Ed.2d 614 (1962) has spoken decisively to the present issue. The Court there said:

"We should decide the question here—we are free to do so—with due regard to historic principle and to the practicalities in the administration of criminal justice. An order granting or denying a pre-indictment motion to suppress does not fall within any class of independent proceedings otherwise recognized by this Court, and there is every practical reason for denying it such recognition. To regard such a disjointed ruling on the admissibility of a potential item of evidence in a forthcoming trial as the termination of an independent proceeding, with full panoply of appeal and attendant stay, entails serious disruption to the conduct of a criminal trial. The fortuity of a pre-indictment motion may make of appeal an instrument of harassment, jeopardizing by delay the availability of other essential evidence. See Rodgers v. United States, supra [9 Cir.,] 158 F.Supp. [670], at 673 n. 1. Furthermore, as cases in the Second Circuit make clear, appellate intervention makes for truncated presentation of the issue of admissibility, because the legality of the search too often cannot truly be determined until the evidence at the trial has brought all circumstances to light."

The Court went on to rule:

"We hold, accordingly, that the mere circumstance of a pre-indictment motion does not transmute the ensuing evidentiary ruling into an independent proceeding begetting finality even for purposes of appealability."

The petitioners rely on the fact that the Supreme Court in *DiBella* did say that,

"[o]nly if the motion is solely for return of property and is in no way tied to a criminal prosecution *in esse* against the movant can the proceedings be regarded as independent."

Petitioners correctly say that they had not been indicted when they filed the present petition. Thus, they say that their case comes within the exception noted by the Supreme Court. However, there are several reasons why this petition is not within the exception. First, the petition here was not solely for the return of property. It also sought to enjoin certain action by the Government and the United States Attorney looking toward possible indictments. Next, the petition was clearly tied to an incipient criminal prosecution against these petitioners. Two of the three grounds of the petition itself so reveal. And most importantly, even though at the time the petition was filed the petitioners had not been indicted, the prosecution was nevertheless "in esse" in the sense used in the *DiBella* case. Indeed, the motions considered in *DiBella* were pre-indictment motions. Therefore, the "indictment requirement" aspect of Cogen v. United States, 278 U.S. 221, 49 S.Ct. 118, 73 L. Ed. 275 (1929), was necessarily abrogated by the ruling of the later *DiBella* decision.

An examination of the cases cited in *DiBella* in connection with the exception relied upon by petitioners shows that they refer to situations explicitly covered by statute or where the potential use of the seized property in criminal proceedings is clearly negated. Here the material which petitioners seek to have suppressed may affect the conduct and outcome of the criminal trial. The denial of the petition thus cannot be considered an independent final judgment merely because it is dressed in equitable garb. See Carroll v. United States, 354 U.S. 394, 404 n. 17, 77 S.Ct. 1332, 1 L.Ed.2d 1442; In re Grand Jury Investigation of Violations, 318 F.2d 533 (2nd Cir. 1963).

We conclude that the essential character of the present petition and the surrounding circumstances show that it was not an independent proceeding but merely a step in the criminal prosecution. As such the order thereon was not appealable under any of the statutes relied upon by petitioners. In view of our decision we do not reach the merits of the appeal.

The appeal will be dismissed for lack of jurisdiction.

HASTIE, Circuit Judge, believes that the decision of the District Court is appealable and would affirm it on its merits.