**Arthur MEISTER, Appellant,**

v.

**UNITED STATES of America, Joseph Shotz, District Director of Internal Revenue, and William V. Miller, Special Agent, and their respective agents, servants, employees and attorneys.**

**No. 16986.**

United States Court of Appeals
Third Circuit.

Argued June 6, 1968.

Decided July 8, 1968.

---

1. See Commonwealth ex rel. Sanders v. Maroney, 417 Pa. 380, 207 A.2d 789 (1965); 421 Pa. 627, 217 A.2d 734 (1966).

Jerome R. Miller, Gutkin & Miller, Newark, N. J., for appellant.

John M. Brant, Appellate Section, Tax Division, Dept. of Justice, Washington, D. C. (Mitchell Rogovin, Asst. Atty. Gen., Lee A. Jackson, Joseph M. Howard, Attys., Dept. of Justice, David M. Satz, U. S. Atty., Washington, D. C., on the brief), for appellees.

Before McLAUGHLIN, STALEY and SEITZ, Circuit Judges.

## OPINION OF THE COURT

PER CURIAM.

By his amended complaint filed in the district court the plaintiff sought an order:

1) compelling defendants to return to him certain books, records, papers and data which he alleged had been illegally obtained by agents of the Internal Revenue Service in connection with an investigation of his income tax returns; and

2) enjoining defendants from using such records or information derived therefrom in any civil or criminal proceeding.

After a hearing on his application for an order that the use of the materials be suppressed and enjoined, the district court denied the requested relief but provided that the dismissal of the amended complaint was to be "without prejudice to renew the same in the event a criminal proceeding is commenced." Plaintiff appeals that order.

During the hearing before the district court the defendants voluntarily returned to plaintiff all of the original records. Plaintiff asserted in his amended complaint that the defendants illegally made copies of his records but he did not specifically request their return. We do not view the absence of such a request decisive because, assuming it had been made, it would not affect our decision.

Defendants contend that the order of the district court is not appealable. Plaintiff says that the order is appealable because there were no criminal proceedings pending against him when he filed his complaint and when the matter was heard. He also emphasizes that the issue of the return of the copies of the record was before the court. We think the whole tenor of the amended complaint makes it abundantly clear that the prime, if not sole, purpose of the amended complaint was to prevent the use of such records in potential criminal or civil proceedings against plaintiff. In this context it constituted, as the district court noted, an impermissible attempt to obtain a premature ruling on the legality of the use of the records in such later proceedings. The fact that the original records were returned to plaintiff before the entry of the order in question tends only to reinforce our conclusion. The arguments advanced by plaintiff are decisively answered in Smith v. United States, 377 F.2d 739 (3rd Cir. 1967). We think that DiBella v. United States, 369 U.S. 121, 82 S.Ct. 654, 7 L. Ed.2d 614 (1962) and Smith v. United States, above, speak decisively against the appealability of the district court's order.

The appeal will be dismissed for lack of jurisdiction.