**D. R. MACLEAN, Individually & t/a Smith-Waterhouse & Co.**

v.

**Barry E. TRAINOR et al.**

**Civ. A. No. 73–760.**

United States District Court, W. D. Pennsylvania.

Nov. 2, 1973.

Allen N. Brunwasser, Pittsburgh, Pa., for plaintiff.

James A. Villanova, Asst. U. S. Atty., Pittsburgh, Pa., for defendants.

## OPINION AND ORDER

MARSH, Chief Judge.

This is a civil action for a preliminary injunction against three individuals employed by the Postal Service, *inter alia,* "ordering return of the material seized" by them at the place of business of plaintiff at 847 West North Avenue, Pittsburgh, Pennsylvania, and "an Order that any possible criminal prosecution be terminated", and for other relief.

The search warrant which issued for the aforesaid material stated that they are the instrumentalities of and evidence of a scheme and artifice to defraud various individuals by the use of the United States mails in violation of Title 18 U. S.C. § 1341. This search warrant was promptly executed and an inventory of the alleged instrumentalities and evi-

dence [1] seized was filed. It appears that the seized instrumentalities and evidence of the scheme were specifically the business records of the plaintiff located in his place of business.[2]

No criminal indictment has been returned against the plaintiff as of this date.

The complaint avers, *inter alia*, that the affidavit for the search warrant was insufficient, and that the facts and conclusions set forth in the affidavit are not true.

■■ A hearing was held on the motion for preliminary injunction on September 26, 1973. On October 15th the government filed a motion to dismiss the civil action for want of jurisdiction pursuant to Rule 12(h)(3), Fed.R.Civ.P., and argues that the plaintiff has an adequate remedy at law under Rule 41(e), Fed.R.Crim.P. The plaintiff argued that the civil complaint was filed because he desired the right to appeal in case of an adverse decision, which right he indicates may not be available from a refusal of a 41(e) motion; see also, his "Partial Answer to Motion to Dismiss".[3] We think that the civil complaint should be treated as a Rule 41(e) motion, Wright, Federal Practice and Procedure: Criminal § 673, and that the government's motion to dismiss and the plaintiff's motion for return of property should be denied.

In our opinion the facts alleged in the affidavit sworn to by the affiant, Barry E. Trainor, a Postal Inspector, sufficiently establish probable cause for the issuance of the search warrant.

At the hearing, the plaintiff called Inspector Trainor as a witness. He was asked whether the following statement in his affidavit (p. 4) was true:

> "Stewart Samuels, an investigator for the Bureau of Consumer Protection of the State of Pennsylvania, told me that in mid-August, 1973, he visited Martorella's [the plaintiff's former name] place of business, that is, 847 West North Avenue, Pittsburgh, Pennsylvania, and that the files, books, and records of Smith-Waterhouse [the name under which the plaintiff did business] were there as he saw the Smith-Waterhouse files at that location * * *."

Inspector Trainor admitted that Samuels had not told him anything. He testified that a prior affidavit, which had been disapproved by the Magistrate for reasons undisclosed, stated that Robert Adler, the Consumer Protection Deputy Attorney General, and Mr. Samuels' superior, provided Trainor with the aforesaid information which he (Adler) had received from Samuels; that this was the fact stated in the prior affidavit but on retyping the new affidavit, the typist accidentally omitted Adler's name as Trainor's informant. Trainor negligently failed to notice and correct the omission when he cursorily re-read the new affidavit before presenting it to the Magistrate.

The plaintiff strenuously argues that because it was untrue that Samuels told Trainor anything, the quoted averment should be expunged. He cites, *inter alia,* United States v. Jones, 475 F.2d 723 (5th Cir. 1973); United States v. Roth, 391 F.2d 507 (7th Cir. 1967); United States v. Pearce, 275 F.2d 318 (7th Cir. 1960).

---

1. It is well settled that items of evidential value may be seized along with instrumentalities of the crime pursuant to a lawful search. Warden v. Hayden, 387 U.S. 294, 87 S.Ct. 1642, 18 L.Ed.2d 782 (1967).

2. Cf. United States v. Blank, 459 F.2d 383 (6th Cir. 1972).

3. Some appellate decisions dealing with appeals from lower court dispositions of pre-indictment motions are: DiBella v. United States, 369 U.S. 121, 82 S.Ct. 654, 7 L.Ed. 2d 614 (1962); United States v. Peachtree National Distributors, 456 F.2d 442 (5th Cir. 1972); United States v. Alexander, 428 F.2d 1169 (8th Cir. 1970); Meister v. United States, 397 F.2d 268 (3d Cir. 1968); Smith v. United States, 377 F.2d 739 (3d Cir. 1967); United States v. Sineiro, 190 F.2d 397 (3d Cir. 1951); United States v. Bianco, 189 F.2d 716 (3d Cir. 1951).

The government argues that the untruthful statement was inadvertent, and the omission, i. e., that Samuels told Adler that when he visited plaintiff's place of business at 847 West North Avenue, Pittsburgh, Pennsylvania, he saw the plaintiff's files, books and records and Adler relayed this information to Trainor, is not a material omission.

■ We believe that the material fact is the location of the plaintiff's files. The fact that two law enforcement officers were in the chain of hearsay on hearsay, we think, is not significant. Law enforcement officers are presumed to be reliable. United States v. Ventresca, 380 U.S. 102, 85 S.Ct. 741, 13 L.Ed. 2d 684 (1965); Brooks v. United States, 416 F.2d 1044, 1049 (5th Cir. 1969). In Ventresca, it was stated at page 109 of 380 U.S., at page 746 of 85 S.Ct.:

"* * * [W]hen a magistrate has found probable cause, the courts should not invalidate the warrant by interpreting the affidavit in a hypertechnical, rather than a commonsense, manner. Although in a particular case it may not be easy to determine when an affidavit demonstrates the existence of probable cause, the resolution of doubtful or marginal cases in this area should be largely determined by the preference to be accorded to warrants."

See also, United States v. McNally, 473 F.2d 934, 937 (3d Cir. 1973).

■ If it appeared that the informants were unnamed law enforcement officers in a double hearsay situation, and thus reliable, the Magistrate could properly have considered the averment. It is unnecessary to specifically name the officers. United States v. Ventresca, supra; United States v. Fiorella, 468 F.2d 688, 691 (2d Cir. 1972); United States v. Kleve, 465 F.2d 187, 191–192 (8th Cir. 1972). The fact that affiant erroneously named Samuels as his immediate informant is peripheral and surplusage and does not destroy the overall integrity of the affidavit. Rugendorf v. United States, 376 U.S. 528, 532, 84 S.

Ct. 825, 11 L.Ed.2d 887 (1964); United States ex rel. Laws v. Yeager, 448 F.2d 74, 84 (3d Cir. 1971).

■ But even if we are in error in not expunging the negligently made statement of the affiant above quoted, in other respects the affidavit alleges circumstantial facts which are sufficient for the Magistrate to form a reasonable belief as to the specific location of the alleged instrumentalities and evidence of a scheme and artifice to defraud. See: United States v. McNally, supra, 473 F. 2d at p. 942. Inspector Trainor swore that he and Postal Inspector Wayne Turner contacted 15 individuals who were victims of the scheme and they told them, inter alia, that Martorella (Maclean) represented that their (the victims') land would be sold by his company, namely, Smith-Waterhouse and Company, a sole proprietorship owned and operated by Martorella, located at 847 North Avenue, Pittsburgh, Pennsylvania, 15233, a one-story commercial office building.

In addition, attached to Inspector Trainor's affidavit (Attachment #2) are a mailing envelope and a post paid business-reply envelope. These envelopes bore the address:

"Smith-Waterhouse and Company

847 West North Avenue

Pittsburgh, Pennsylvania 15233"

and thus, are corroborative of the business address of the plaintiff's company. Therefore, even without the false statement that Samuels told Trainor the location of the plaintiff's files, etc., it is clear from the remainder of the affidavit that Smith-Waterhouse is a sole proprietorship located at 847 West North Avenue, Pittsburgh. These facts are sufficient to issue a search warrant for the business office of Smith-Waterhouse at that location to search for instrumentalities and evidence of the scheme. Whatever instrumentalities and evidence the officers found while searching for "Business Reply Mail" could be seized. United States v. Pacelli, 470 F.2d 67 (2d Cir. 1972); Anglin v. Director, Patux-

ent Institution, 439 F.2d 1342 (4th Cir. 1971); United States v. Scharfman, 448 F.2d 1352 (2d Cir. 1971); United States v. Kane, 450 F.2d 77, 85 (5th Cir. 1971).

An appropriate order will be entered denying the government's motion to dismiss and the plaintiff's motion to return property seized pursuant to the search warrant.