Thomas SHEA, Plaintiff-Appellant,

v.

James GABRIEL, United States Attorney, et al., Defendants-Appellees.

No. 75–1096.

United States Court of Appeals, First Circuit.

Argued June 4, 1975.

Decided Aug. 4, 1975.

Charlotte Anne Perretta, Boston, Mass., with whom Kevin M. Keating, Boston, Mass., was on brief, for plaintiff-appellant.

Anne T. Wallace, Atty., Dept. of Justice, with whom James N. Gabriel, U. S. Atty., Jeremiah O'Sullivan, Sp. Atty., and Shirley Baccus-Lobel, Atty., Dept. of Justice, were on brief, for defendants-appellees.

Before COFFIN, Chief Judge, McENTEE and CAMPBELL, Circuit Judges.

McENTEE, Circuit Judge.

On December 14, 1974, federal agents served three search warrants on appellant Shea, authorizing them to search his person, automobile, and residence for various items commonly associated with gambling. The agents seized a number of things under this authority, including approximately $4,368 arranged in bundles of various denominations.[1] On Feb-

---

1. We quote from the government's brief the account of what was seized:

   "Seized from his person were three bundles of money in the amounts of $313, $93 and $1,050; various slips of paper designating 'winners' and 'losers', numbers, names and teams, and point spreads; and numerous football tickets. The items seized from his residence included bundles of money in the amounts of $44, $246, $15, $100, $1,000, $412, $100, $111, $135, $153, $90, $138, $131, $150, $27 and $60; a pad designating teams and point spreads; sheets of lined paper headed with individuals' names; 19 college and professional football schedules for games ending December 15, 1974, fourteen of which were photocopies bearing point

ruary 12, 1975, Shea filed a complaint invoking the jurisdiction of the court under its inherent power to discipline its officers and to order suppression and return of illegally seized property, *see Go-Bart Importing Co. v. United States*, 282 U.S. 344, 353–55, 51 S.Ct. 153, 75 L.Ed. 374 (1931), and under Rule 41(e) of the Federal Rules of Criminal Procedure.[2] Among other relief Shea sought to examine the affidavit upon which the warrants were based and to have the court, "after trial, enter a formal order suppressing and/or returning" to him the items seized. At the hearing on this complaint the government made the following representations to the court.[3]

"1. The Government's ongoing two-year investigation would be compromised by revealing at this juncture the contents of its very extensive master affidavit for search warrants (including those directed at Appellant SHEA) since, for example, many potential witnesses would thereby be in a position to tailor their testimony if so inclined; and

"2. The ongoing Grand Jury investigation into violations of 18 U.S.C. § 1955 extends to persons and events covered in the master affidavit; and

"3. In this regard, the Government intended to submit for the Grand Jury's consideration the items seized from Mr. SHEA pursuant to warrants."

After an *in camera* examination of the affidavit submitted for the search warrants, the court declined to order its disclosure:

"It is a long document involving many persons and events. It contains a colorable basis for the issuance of the warrants. In balancing the slim likelihood of present benefit to the plaintiff from examination of the affidavit against the possible jeopardy [to] the Government's investigation by revelation of its contents, I am of the opinion that compelling equitable and practical considerations favor the Government's position."

The court also refused to order suppression or return of the property, on the ground that the "prejudice to plaintiff by delayed return to him of the property is outweighed by the legitimate and appropriate governmental interest [in] using the property as evidence before the grand jury."[4] This appeal followed.

We first consider our jurisdiction. In *DiBella v. United States*, 369 U.S. 121, 82 S.Ct. 654, 7 L.Ed.2d 614 (1962), the Court held that denial of a pre-indictment motion to suppress evidence was not a final decision and therefore

---

spreads; a stack of white paper marked with boxes containing the names of two football teams; stacks of orange football stubs and green and pink slips with the notation 'Las Bowl'; appointment and date books bearing numbers under each date; and various pieces of paper bearing names and numbers. . . . Also seized from his vehicle was an envelope bearing the initials 'T.S.' and containing two $1 bills and two orange ticket stubs."

2. Rule 41(e) provides:
"Motion for Return of Property. A person aggrieved by an unlawful search and seizure may move the district court for the district in which the property was seized for the return of the property on the ground that he is entitled to lawful possession of the property which was illegally seized. The judge shall receive evidence on any issue of fact necessary to the decision of the motion. If the motion is granted the property shall be restored and it shall not be admissible in evidence at any hearing or trial. If a motion for return of property is made or comes on for hearing in the district of trial after an indictment or information is filed, it shall be treated also as a motion to suppress under Rule 12."

3. The district court hearing was not transcribed. We have this account of what occurred by virtue of the procedure set forth in Fed.R.App.P. 10(d).

4. The dismissal of the complaint was "without prejudice to its renewal should the United States Attorney or the representatives of the Department of Justice fail to proceed with reasonable dispatch in presenting its case predicated on the seized property to the grand jury."

was not immediately appealable. That holding governs here. Both appellants in *DiBella* were indicted before the district court's denial of the pre-indictment motion, but we decline to attach significance to that distinction. Appellate consideration of suppression motions in the circumstances here potentially involves similar undue interference with the criminal justice system and is still piecemeal. Since appellant cannot prevent the grand jury from using the seized items and their fruits to question him, even if the seizure was illegal, *United States v. Calandra*, 414 U.S. 338, 94 S.Ct. 613, 38 L.Ed.2d 561 (1974), that issue does not require recognizing appealability. To our knowledge Shea is not under arrest, has not been indicted, and has not had forfeiture proceedings started against his seized property.[5] In fact, it may be that Shea will not be indicted at all. In these circumstances we do not see any interest that would be served by finding denial of the suppression order appealable. On the other hand, if Shea is indicted and convicted, there will be an adequate chance for appellate review after the district court imposes sentence. Therefore, insofar as the appeal is from the denial of the suppression aspect of the motion, we dismiss for lack of jurisdiction. *Accord, Coury v. United States*, 426 F.2d 1354, 1355 (6th Cir. 1970); *Hill v. United States*, 346 F.2d 175 (9th Cir.), *cert. denied*, 382 U.S. 956, 86 S.Ct. 433, 15 L.Ed.2d 361 (1965); *see United States v. Smith*, 463 F.2d 710 (10th Cir. 1972); *In re Rom*, 459 F.2d 15 (3d Cir. 1972).

■ Whether the denial is appealable insofar as the motion seeks return of appellant's property is a more difficult question. Again, we begin with *DiBella*, where the Court stated: "Only if the motion is solely for return of property and is in no way tied to a criminal prosecution *in esse* against the movant can the proceedings be regarded as independent." 369 U.S. at 131–132, 82 S.Ct. at 660. This passage produces two questions: What does "solely" mean in this context? When is a criminal prosecution *in esse?*

It appears logical that a motion is not "solely for return of property" when it also seeks suppression of the property as evidence. A number of courts have so held. *United States v. Woodson*, 490 F.2d 1282, 1283 (9th Cir. 1973); *Dudley v. United States*, 427 F.2d 1140, 1141 (5th Cir. 1970); *Meister v. United States*, 397 F.2d 268, 269 (3d Cir. 1968); *Smith v. United States*, 377 F.2d 739, 742 (3d Cir. 1967); *Parrish v. United States*, 376 F.2d 601, 603–04 (4th Cir. 1967) (Boreman, J., concurring). But other courts have read this language so as to make appealable that *part* of the order denying return of property. *United States v. Williams*, 459 F.2d 909, 910–11 (6th Cir. 1972); *Coury v. United States, supra* at 1355; *Gottone v. United States*, 345 F.2d 165 (10th Cir.) (by implication), *cert. denied*, 382 U.S. 901, 86 S.Ct. 234, 15 L.Ed.2d 155 (1965). In *United States v. Ryan*, 402 U.S. 530, 533, 91 S.Ct. 1580, 29 L.Ed.2d 85 (1971), the Court indicated why denial of a motion for return is immediately appealable: "Denial of review in such circumstances would mean that the Government might indefinitely retain the property without any opportunity for the movant to assert on appeal his right to possession." Thus if we found no appellate jurisdiction Shea could apparently remedy this by bringing a separate motion for return. But to insist on this procedure appears to exalt form over substance.[6]

Conflicting viewpoints also characterize the issue of when a criminal prosecution is *in esse*[7] within the meaning of

---

5. See 18 U.S.C. § 1955(d) (1970), which provides for forfeiture proceedings in the area of illegal gambling businesses.

6. A party might also bring two motions at once—one for suppression and one for return. If this changed the result in courts which strictly construe "solely," then form would again appear to have prevailed over substance.

7. Black's Law Dictionary 894 (4th ed. 1951): "IN ESSE. In being. Actually existing. Distinguished from *in posse*, which means 'that which is not, but may be.' A child before birth is *in posse*; after birth, *in esse*."

*DiBella. Compare Smith v. United States, supra,* 377 F.2d at 742 (prosecution *in esse* because petition sought to enjoin certain action by Government and U. S. Attorney looking toward possible indictments), *with Gottone v. United States, supra* (absence of arrest, information, and indictment made order appealable). Perhaps a presentation to the grand jury as contemplated here is sufficient to render the motion for return one "tied to a criminal prosecution *in esse*" against Shea, but the Court appears to view the determinative criminal proceedings as beginning later. *See DiBella, supra,* 369 U.S. at 131, 82 S.Ct. 654.[8] A sensible demarcation might be when the criminal process shifts from the investigatory phase to the accusatory.

It is not necessary for us to resolve these questions here. Even if we assume, without deciding, that we have jurisdiction, we would afford appellant no relief, for the equities are not in his favor. *See Centracchio v. Garrity,* 198 F.2d 382, 386 (1st Cir.), *cert. denied,* 344 U.S. 866, 73 S.Ct. 108, 97 L.Ed. 672 (1952). First, the district court carefully balanced the government's interest in secrecy to protect its on-going investigation against the temporary loss to Shea of the property here at issue. We are not inclined to disturb the balance struck, at least absent any reason to believe that the cloak of secrecy is being abused by the government. Second, the judge below did entertain the appellant's complaint to the extent he could within the confines of the secrecy requirement. He examined the affidavit *in camera* and determined that it was at least *prima facie* support for a finding of probable cause. Third, the dismissal was without prejudice to reasserting the claim if the government's delay in either prosecuting or taking other dispositive action reaches unreasonable proportions. *See* note 4 *supra.* Lastly, appellant made no effort to show that he is enti-

tled to lawful possession of the seized items. Rule 41(e) "provides for a return of the property if (1) the person is entitled to lawful possession *and* (2) the seizure was illegal." Advisory Comm. Note, 56 F.R.D. 143, 170 (1972). No showing was made or offered that the things seized were appellant's lawful property rather than components of an illegal gambling business. *See Gottone v. United States, supra.*

*Appeal dismissed as to suppression issue; judgment affirmed as to denial of motion for return of property.*

---

**8.** "When at the time of ruling there is outstanding a complaint, or a detention or release on bail following arrest, or an arraignment, information, or indictment—in each such case the order on a suppression motion must be treated as 'but a step in the criminal case preliminary to the trial thereof.'" 369 U.S. at 131, 82 S.Ct. at 660.