**In the Matter of the SEALED AFFIDAVIT(S) TO SEARCH WARRANTS EXECUTED ON FEBRUARY 14, 1979.**

**UNITED STATES of America, Appellant,**

**v.**

**Joseph V. AGOSTO, and Productions and Leasing, Inc., Appellees.**

**UNITED STATES of America, Petitioner,**

**v.**

**UNITED STATES DISTRICT COURT FOR DISTRICT OF NEVADA, LAS VEGAS, Respondent.**

**Nos. 79–3264, 79–7225.**

United States Court of Appeals, Ninth Circuit.

June 15, 1979.

Rehearing Denied Aug. 10, 1979.

Geoffrey A. Anderson, Atty., U. S. Dept. of Justice, L. V. Strike Force, Las Vegas, Nev., for appellant.

Oscar B. Goodman and Stephen Stein, Las Vegas, Nev., for real parties in interest.

Before CHAMBERS, CHOY and TANG, Circuit Judges.

PER CURIAM:

The United States appeals from a district court order rescinding the sealing of an affidavit, or, in the alternative, the United States petitions for a writ of mandamus. We reverse and remand the district court's order.[1]

### I. Statement of the Case

On February 14, 1979, the district court issued five search warrants authorizing the Government to search parts of the Tropicana Hotel in Las Vegas, the offices of appellee Productions and Leasing, Inc., and the person of appellee Agosto, in connection with alleged violations of federal law in the management and control of the Tropicana Hotel. The Government's search warrant application was supported by the contents of wiretaps authorized by the district court and a "master affidavit" of 131 pages describing an on-going federal investigation. On February 15, 1979, the district court sealed the master affidavit at the request of the Government, purportedly to protect the on-going investigation described in the master affidavit.

Two days later appellees moved that the affidavit be unsealed. A number of papers and hearings ensued. The Government informed the district court (for the District of Nevada) that the district court for the Western District of Missouri had sealed a similar master affidavit until June 28, 1979, in order to avoid disrupting the nationwide investigation of which the Las Vegas investigation was a part. On May 21, 1979, the district court for Nevada ordered that the affidavit be unsealed because "federal courts have no power to seal affidavits upon which search warrants are based." The district court granted a 24-hour stay so the Government could pursue an appeal to this court.[2] We continued the stay pending the disposition of this proceeding.

### II. Authority to Seal Affidavits

In finding that the federal courts do not have the authority to seal affidavits, the district court concentrated on Rule 41(c) of the Federal Rules of Criminal Procedure, concluding that "nowhere in Rule 41(c) is the power of a judge or magistrate to seal such an affidavit even suggested." We believe that the district court erred in narrowly focusing on Rule 41(c) for the courts have inherent power, as an incident of their constitutional function, to control papers filed with the courts within certain constitutional and other limitations. *See Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 598, 98 S.Ct. 1306, 55 L.Ed.2d 570 (1978); *Shea v. Gabriel*, 520 F.2d 879 (1st Cir. 1975); Note, Protective Orders Against the Press and the Inherent Powers of the Courts, 87 Yale L.J. 342, 350 (1977).

---

1. Because the Government's prayers were in the alternative, and given our resolution of the appeal *infra*, we do not address the Government's prayer for mandamus relief.

2. Because the district court's order finally adjudicated the matter presented to the district court and was not a mere component of a different proceeding, the order is a final judgment appealable under 28 U.S.C. § 1291.

■ Because the district court improperly concluded that the federal courts *per se* lack the authority to seal affidavits, it did not consider whether the sealing of the affidavit in this case would be consistent with the limits on the court's power. Since such a determination will involve factual matters not yet considered by the district court,[3] we remand to the district court. To protect the jurisdiction of the district court and the Court of Appeals, the affidavit shall remain sealed at least until the district court has completed its proceedings on remand and for seven days thereafter.

It is noted that on remand, if the district court should conclude that the sealed matter should be opened, then there is a question as to whether all or part of the sealed matter should be unsealed.

There are questions as to mootness in the record, most of which have arisen since the district court acted in the case. The district court is authorized to consider the mootness issues.

Remanded for proceedings consistent herewith.

---

**3.** For example, the district court postulated that the Fourth Amendment might prevent sealing of an affidavit depending on the circumstances of the given case.