**UNITED STATES of America**

v.

**The Residence of Nicholas FURINA, et al.**

**Nos. 82–5584, 82–5614.**

United States Court of Appeals, Third Circuit.

Argued March 2, 1983.

Decided May 24, 1983.

Fredric J. Gross, Haddonfield, N.J. (argued), Thomas A. DeClemente, DeClemente & Klitzner, P.C., Union City, N.J., for appellants in No. 82–5584.

Judd Burstein, New York City, for appellant in No. 82–5614.

Edna F. Ball, Asst. U.S. Atty. (argued), W. Hunt Dumont, U.S. Atty., Newark, N.J., for appellee.

Before WEIS, BECKER and VAN DUSEN, Circuit Judges.

**OPINION OF THE COURT**

WEIS, Circuit Judge.

Business records and other documents belonging to appellants, who have not been arrested or indicted, were seized by federal agents for presentation to a grand jury. Appellants moved under Fed.R.Crim.P. 41(e) for return of the material on the grounds that the search warrants were invalid and in addition asked for disclosure of the "master affidavit" supporting the warrants.[1] Although it denied the motions, the district court ordered the government to supply copies of all seized documents and papers upon request. Appellants then filed an appeal in this court, as well as a petition for mandamus. We denied mandamus, but directed briefing and argument on the appeal. We now conclude that the district court's decision is not final and accordingly we will dismiss the appeal.

In May 1982, a federal magistrate in Newark, New Jersey issued approximately sixty search warrants based upon a lengthy master affidavit submitted by an F.B.I. Special Agent in connection with a grand jury investigation. Each warrant recites that the master affidavit is "attached and incorporated." Each warrant also was supported by a separate affidavit identifying the person or place to be searched and referring to the master affidavit for "the facts tending to establish the foregoing grounds for issuance of a search warrant." At the government's request, the magistrate sealed the master affidavit.

---

1. Rule 41(e), "Motion for Return of Property," states in part:

"A person aggrieved by an unlawful search and seizure may move the district court for the district in which the property was seized for the return of the property on the ground that he is entitled to lawful possession of the property which was illegally seized. The judge shall receive evidence on any issue of fact necessary to the decision of the motion. If the motion is granted the property shall be restored and it shall not be admissible in evidence at any hearing or trial."

Shortly after the warrants were executed, appellants filed their motions contending that the federal agents conducted a general search and seizure of property without limitation. Appellants alleged that the warrants violated the particularity requirement of the fourth amendment, and that the master affidavit contained material falsehoods. They also argued that service of the warrants without a copy of the incorporated affidavit violated Fed.R. Crim.P. 41(d).[2]

After a hearing and *in camera* review of the master affidavit, the district judge denied the motions, lest he disrupt what appeared to be a "viable ongoing investigation" and expose some persons "needlessly and unnecessarily to public obloquy." When balanced against the rights of appellants, these considerations convinced the judge not to return the seized property or unseal the affidavit at that time.[3]

The district judge did direct the government to supply appellants with inventories of the seized items, subject to omissions approved by the court on a showing of good cause. Appellants were also to be furnished upon request with copies of all documents seized, and the originals were to be returned by September 27, 1982, on the condition that appellants preserve them until further order. The return of the originals was also subject to exceptions approved by the court.

As for the affidavit, the district judge stated that he did not intend to unseal it in the "foreseeable future" so that the government's investigation would have "an opportunity to come to fruition." He added, however, that "[a]t some point . . . I intend to draw a line and say to the government, you're going to have to indict or acquit."

Appellants renew the contention here that the warrants are void on their face without the supporting master affidavit, and challenge the district court's refusal to unseal the affidavit. The government contends that this court lacks jurisdiction over the appeal. We turn to that issue first.

The appellants' motions in the district court were brought under Fed.R.Crim.P. 41(e), which permits "[a] person aggrieved by an unlawful search and seizure" to secure return of his property, with the result that "it shall not be admissible in evidence at any hearing or trial." Thus, we are not presented with an equitable action solely for return of property lawfully taken by the government. *See e.g., United States v. Premises Known as 608 Taylor Avenue,* 584 F.2d 1297 (3d Cir.1978). In their brief in the district court, appellants emphasized that they were not contesting the duration of the government's possession but the validity of the searches. "The motions at bar . . . are true Rule 41(e) motions. [Appellants] assert that these seizures are unlawful."[4]

**2.** Rule 41(d), "Execution and Return with Inventory," provides in part:
   "The officer taking property under the warrant shall give to the person from whom or from whose premises the property was taken a copy of the warrant. . . ."

**3.** By order dated August 31, 1982, the district court denied the motions of Nicholas Furina, Boulevard West Restaurant, Consolidated Pier Deliveries, Inc., and Intra-Base Transport, Inc. This order was made applicable to the motion of Anthony Gallagher on September 24, 1982.

**4.** There is some doubt as to appellants' standing to present a pre-indictment motion to suppress evidence. *See, e.g., In re Grand Jury Proceedings, Harrisburg, Pennsylvania,* 450 F.2d 199 (3d Cir.1971) *(in banc),* aff'd sub nom. *Gelbard v. United States,* 408 U.S. 41, 92 S.Ct. 2357, 33 L.Ed.2d 179 (1972) (compare part I of the opinion of the court, Adams, J., joined by one other judge, with the dissenting opinion, Gibbons, J., joined by two other judges, on the question of standing to invoke Rule 41(e) prior to indictment). The problem arises because Rule 41(e) is no broader than the exclusionary rule required by the fourth amendment. *See, e.g., Alderman v. United States,* 394 U.S. 165, 173 n. 6, 89 S.Ct. 961, 966 n. 6, 22 L.Ed.2d 176 (1969). In *United States v. Calandra,* 414 U.S. 338, 94 S.Ct. 613, 38 L.Ed.2d 561 (1974), the subject of a grand jury investigation made a Rule 41(e) motion for return and suppression of property seized under warrant. The Supreme Court noted that "[u]nder traditional principles, he had no standing to invoke the exclusionary rule" because he "had not been indicted by the grand jury and was not a criminal defendant." *Id.* at 352 n. 8, 94 S.Ct. at 622 n. 8. *See also Rakas v. Illinois,* 439 U.S. 128, 132–33 n. 2, 99 S.Ct. 421, 424–25 n. 2, 58 L.Ed.2d 387 (1978). *But see G.M. Leasing Corp. v. United States,*

Appellants argue that denial of a Rule 41(e) motion is appealable as a final decision under 28 U.S.C. § 1291 so long as there are no related criminal proceedings against the movant. They rely on *DiBella v. United States,* 369 U.S. 121, 82 S.Ct. 654, 7 L.Ed.2d 614 (1962), where the Supreme Court cautioned against disrupting the criminal process by piecemeal review. Although the Court held that denial of a pre-indictment Rule 41(e) motion was not appealable, it recognized an exception for appeals from independent proceedings. But "[o]nly if the motion is solely for return of property and is in no way tied to a criminal prosecution *in esse* against the movant can the proceedings be regarded as independent." *Id.* at 131–32, 82 S.Ct. at 660.

Appellants have made it very clear that they seek more than return of property. Suppression of evidence is the primary aim of their motions, and that is enough under *DiBella* to require that on this record the appeal be dismissed. *See, e.g., Meister v. United States,* 397 F.2d 268, 269 (3d Cir. 1967); *Smith v. United States,* 377 F.2d 739, 742 (3d Cir.1967).

Appellants' reliance on *Premises Known as 608 Taylor Avenue* is misplaced. The movant there stipulated that the search and seizure were lawful, and asked only for return of the property. 584 F.2d at 1300. He did not invoke Rule 41(e), *id.* at 1301 n. 4, which automatically results in suppression if granted. *See, e.g., Standard Drywall, Inc. v. United States,* 668 F.2d 156, 158 (2d Cir.), *cert. denied,* 456 U.S. 927, 102 S.Ct. 1973, 72 L.Ed.2d 442 (1982).

Moreover, even though appellants are not under arrest or indictment, this court has consistently taken a broad view of when a prosecution is *"in esse"* for purpose of *DiBella.* In *Meister,* no criminal proceedings were pending against the taxpayer when he sought to suppress records he contended had been illegally obtained by the Internal Revenue Service. The district court denied relief and we dismissed the appeal for lack of jurisdiction. In so doing, we called the suit "an impermissible attempt to obtain a

premature ruling on the legality of the use of the records . . . . in potential criminal or civil proceedings against plaintiff." 397 F.2d at 269. *See also Smith v. United States,* 377 F.2d at 742.

This reasoning also led us to dismiss the appeal in *In re Grand Jury Proceedings (FMC Corporation),* 604 F.2d 806 (3d Cir. 1979). The appellant there was merely the subject of a grand jury inquiry whose request for return of documents had been denied. We denied appealability after examining the "essential character" of the proceedings in the district court. *Id.* at 807. "There is obviously the possibility of a criminal prosecution against the [appellant] and it cannot be said that the motion is in no way tied to a potential indictment." *Id. See also Standard Drywall, Inc. v. United States,* 668 F.2d 156 (2d Cir.), *cert. denied,* 456 U.S. 927, 102 S.Ct. 1973, 72 L.Ed.2d 442 (1982); *United States v. Glassman,* 533 F.2d 262 (5th Cir.1976); *Shea v. Gabriel,* 520 F.2d 879, 881 (1st Cir.1975). *But see United States v. Alexander,* 428 F.2d 1169 (8th Cir.1970); *Gottone v. United States,* 345 F.2d 165 (10th Cir.), *cert. denied,* 382 U.S. 901, 86 S.Ct. 234, 15 L.Ed.2d 155 (1965).

Pursuant to this court's request that the parties report the current status of the grand jury proceedings, the government submitted a sealed affidavit and a letter which we have reviewed. Those documents make it clear that there is sufficient activity. Thus, appellants also do not satisfy the requirement of *DiBella* that the motion is in no way tied to a criminal prosecution *in esse* against the movant.

The motions to unseal the master affidavit are subject to the same considerations that deny appealability to the Rule 41(e) motions. Appellants sought disclosure of the affidavit in order to secure evidence for the Rule 41(e) hearing. The lack of finality which attaches to the order denying return and suppression necessarily applies to preliminary matters as well.

Aware that the refusal to unseal the affidavit is not a final decision, appellants assert that 28 U.S.C. § 1292(a)(1) provides us

429 U.S. 338, 359–60, 97 S.Ct. 619, 632, 50 L.Ed.2d 530 (1977). In view of our disposition

of this appeal, we need not reach the issue of the parties' standing in the district court.

with jurisdiction, "for in effect the district court has denied appellants an interlocutory injunction." We reject this attempt to side-step the policy against piecemeal appeals by dressing the motion in "equitable garb." *Smith v. United States,* 377 F.2d at 742. *See also, In re Grand Jury Investigation of Violations of 18 U.S.C. § 1621 (Perjury),* 318 F.2d 533, 536 (2d Cir.1963).

We also disagree with appellants that to dismiss the appeal at this time forecloses any later opportunity for relief. As noted in *Standard Drywall,* 668 F.2d at 158, the term of a grand jury is limited. If it indicts, a motion to suppress would be proper and, if necessary, appellate review would be available at the appropriate time. If there is no indictment, an independent proceeding for return of the property may be initiated. As mentioned earlier, the district judge here stated his intention to monitor the length of the grand jury investigation. We are confident that the district court will permit appellants to reassert their claims if there is unreasonable delay. *See Shea v. Gabriel,* 520 F.2d at 882; *Hunsucker v. Phinney,* 497 F.2d 29, 34 n. 9 (5th Cir.1974), *cert. denied,* 420 U.S. 927, 95 S.Ct. 1124, 43 L.Ed.2d 397 (1975).

We conclude that the denial of appellants' motions is not appealable and, accordingly, we will dismiss the appeal.