766 F.2d 870
 UNITED STATES of America, Appellee,
v.
REGIONAL CONSULTING SERVICES FOR ECONOMIC AND COMMUNITY
DEVELOPMENT, INC., a non-profit West Virginia corporation;
Region I Planning and Development Council, and Michael B.
Jacobs, Executive Director of Region I Planning and
Development Council and Project Director of Regional
Consulting Services for Economic and Community Development,
Inc., Appellants.
In re SEARCH WARRANT DATED AUGUST 23, 1983.
 No. 84-2214.
 United States Court of Appeals,
Fourth Circuit.
 Argued May 8, 1985.
Decided July 11, 1985.
 
 Rebecca A. Betts, Charleston, W. Va. (Robert B. King, Robert B. Allen, King, Betts & Allen, Charleston, W. Va., Stephen B. Goad, Bluefield, W. Va., Burton & Cunningham, Princeton, W. Va., Edwin B. Wiley, Sanders & Wiley, Bluefield, W. Va., on brief), for appellants.
 Richard S. Glaser, Jr. Charleston, W.Va. (David A. Faber, U.S. Atty., Charleston, W. Va., Michael W. Carey, Asst. U.S. Atty., Betty J. Adkins, Paralegal Specialist, on brief), for appellee.
 Before HALL and PHILLIPS, Circuit Judges, and TURK, Chief District Judge, United States District Court for the Western District of Virginia, sitting by designation.
 K.K. HALL, Circuit Judge:
 
 
 1
 Regional Consulting Services for Economic and Community Development, Inc. ("RCS"), Region I Planning and Development Council ("Region I"), and Michael B. Jacobs, project director of RCS and executive director of Region I, seek to appeal the district court's denial of their motion for return of property and suppression of evidence filed pursuant to Fed.R.Crim.P. 41(e).[1] The United States has moved to dismiss this appeal for lack of jurisdiction. We conclude that appellate jurisdiction does not exist and, therefore, grant the government's motion.
 
 I.
 
 2
 On August 12, 1983, the United States sought and obtained a search warrant, authorizing the search for and seizure of various documents and records of appellants.[2] In the affidavit for the search warrant, the government accused appellant Michael Jacobs of obstructing justice in violation of 18 U.S.C. Sec. 1503 in that he allegedly attempted to destroy documentary evidence subject to grand jury subpoenas.
 
 
 3
 The warrant was executed on August 13, 1983, and substantial quantities of appellants' records and documents maintained in four different cities in West Virginia were seized. Since this seizure, some twenty-two months ago, no detention, arrest, indictment, or other charges have issued against either Michael Jacobs or the other appellants.
 
 
 4
 On September 9, 1983, shortly after the records in question were seized by the government, appellants filed a motion pursuant to Fed.R.Crim.P. 41(e),[3] styled "Motion for Return of Illegally Seized Property and for Suppression of Evidence." Appellants challenged the issuance and execution of the warrant. The motion prayed for "the return of all property taken pursuant to the unlawful searches and seizures" and a direction that "all property illegally seized shall not be admissible in any hearing or trial."[4]
 
 
 5
 Almost one year later, on August 22, 1984, the district court denied appellants' motion, ruling that the search warrant was properly issued and executed. In re Motion to Quash Grand Jury Subpoenas, 593 F.Supp. 184 (S.D.W.Va.1984). Appellants seek to appeal this order.
 
 II.
 
 6
 Initially, we are confronted with the question of whether we have jurisdiction to decide this appeal. The government contends that the district court's order is interlocutory and nonappealable under DiBella v. United States, 369 U.S. 121, 82 S.Ct. 654, 7 L.Ed.2d 614 (1962), and its progeny. We agree.
 
 
 7
 Neither the United States Supreme Court nor this Court has addressed the issue presented here of whether an order denying a Rule 41(e) motion is appealable where there has been no detention, arrest, complaint, information, or indictment issued against the movant. The one Fourth Circuit case cited by the government, United States v. North American Coal Exchange, 676 F.2d 99 (4th Cir.1982), is not controlling since in that case an indictment had in fact issued against one of the appealing parties.[5]
 
 
 8
 In DiBella motions to suppress and for return of property were filed after the movants had been arrested and were decided after indictment. The Supreme Court held the orders denying the motions nonappealable and stated that:
 
 
 9
 We hold, accordingly, that the mere circumstance of a pre-indictment motion does not transmute the ensuing evidentiary ruling into an independent proceeding begetting finality even for purposes of appealability. Presentations before a United States Commissioner, Go-Bart Importing Co. v. United States, 282 U.S. 344, 352-354, 51 S.Ct. 153, 156-157, 75 L.Ed. 374, as well as before a grand jury, Coddledick v. United States, 309 U.S. 323, 327, 60 S.Ct. 540, 542, 84 L.Ed. 783, are parts of the federal prosecutorial system leading to a criminal trial. Orders granting or denying suppression in the wake of such proceedings are truly interlocutory, for the criminal trial is then fairly in train. When at the time of ruling there is outstanding a complaint, or a detention or release on bail following arrest, or an arraignment, information, or indictment--in each such case the order on a suppression motion must be treated as "but a step in the criminal case preliminary to the trial thereof." Cogen v. United States, 278 U.S. 221, 227, 49 S.Ct. 120 [73 L.Ed. 275]. Only if the motion is solely for return of property and is in no way tied to a criminal prosecution in esse against the movant can the proceedings be regarded as independent. Ibid.; see Carroll v. United States, 354 U.S. 394, 404 n. 17, 77 S.Ct. [1332] 1338 [1 L.Ed. 1442]; In re Brenner, 6 F.2d 425 (C.A.2d Cir.1925).
 
 
 10
 369 U.S. at 131-32, 82 S.Ct. at 660-61 (emphasis added).
 
 
 11
 In applying DiBella, the Circuit Courts of Appeals have split on the question of whether a grand jury investigation, without more, constitutes a criminal proceeding in esse sufficient to render the denial of a motion for return of property nonappealable within the meaning of 28 U.S.C. Sec. 1291. The Sixth, Seventh, Eighth, and Tenth Circuits have held that a motion for return of property is appealable even if a grand jury investigation is in place. In re Grand Jury Proceedings, 716 F.2d 493 (8th Cir.1983); Sovereign News Co. v. United States, 690 F.2d 569 (6th Cir.1982), cert. denied, --- U.S. ----, 104 S.Ct. 69, 78 L.Ed.2d 83 (1983); Mr. Lucky Messenger Service, Inc. v. United States, 587 F.2d 15 (7th Cir.1978); United States v. Alexander, 428 F.2d 1169 (8th Cir.1970); Gottone v. United States, 345 F.2d 165 (10th Cir.), cert. denied, 382 U.S. 901, 86 S.Ct. 234, 15 L.Ed.2d 155 (1965). The First, Second, Third, Fifth and Ninth Circuits have held the contrary. DeMassa v. Nunez, 747 F.2d 1283 (9th Cir.1984); United States v. Furina, 707 F.2d 82 (3d Cir.1983); Standard Drywall, Inc. v. United States, 668 F.2d 156 (2d Cir.), cert. denied, 456 U.S. 927, 102 S.Ct. 1973, 72 L.Ed.2d 442 (1982); Imperial Distributors, Inc. v. United States, 617 F.2d 892 (1st Cir.), cert. denied, 449 U.S. 891, 101 L.Ed. 249, 66 L.Ed.2d 116 (1980); United States v. Glassman, 533 F.2d 262 (5th Cir.1976). We respectfully reject the view of the Sixth, Seventh, Eighth and Tenth Circuits and hold that the denial of a Rule 41(e) motion is not a final, appealable order under 28 U.S.C. Sec. 1291 notwithstanding the absence of formal criminal charges.
 
 
 12
 Applying the first prong of the DiBella test, we are unable to conclude that appellants' motion was solely for the purpose of return of their property. Appellants did not institute an independent action for the return of their property. Instead, they filed a motion pursuant to Rule 41(e), challenging the legality of the search and seizure, and in their prayer for relief, requested the district court to "[d]irect that all property illegally seized shall not be admissible in any hearing or trial." Thus, appellants made it clear that they sought more than the return of their property. See Furina, 707 F.2d at 83-84; Mr. Lucky Messenger Service, 587 F.2d at 16-17. Indeed, the district judge considered appellants' motion to be one to suppress, because he referred to it as such in his memorandum opinion and order. The district court also found that appellants were given access to the seized property, In re Motion to Quash Grand Jury Subpoenas, 593 F.Supp. at 192, thus refuting their contention that by their motion they sought solely the return of their property.[6] Cf. Mr. Lucky Messenger Service, 587 F.2d at 17 (independent cause of action for return of property); Imperial Distributors, 617 F.2d at 895-96 (motion not solely for return of property).
 
 
 13
 Appellants maintain that their motion merely requested the relief available under the provisions of Rule 41(e). They argue that the effect of suppression of evidence at hearing or trial is an automatic ingredient of a successful motion for return of property. Nonetheless, it cannot be said on this record that appellants' motion was "solely for return of property."
 
 
 14
 Appellants further argue that a Rule 41(e) motion, by its own terms, is not and cannot be characterized as a motion to suppress until after "an indictment or information is filed." They maintain, therefore, that because they filed their motion prior to the return of any indictment or information, it is not a motion to suppress, but is "solely for return of property." This argument exalts form over substance. Plainly, by their actions as well as their motion, appellants sought suppression of evidence. That is enough under DiBella to require that this appeal be dismissed.
 
 
 15
 Even if appellants' motion is solely for return of property within the meaning of DiBella, we hold that there is a "criminal prosecution in esse " against appellants because a grand jury investigation is presently ongoing.[7] The purpose of the grand jury is to investigate whether a crime has been committed and who committed it and to determine whether an indictment should result. Branzburg v. Hayes, 408 U.S. 665, 701, 92 S.Ct. 2646, 2666, 33 L.Ed.2d 626 (1972). It is possible that a criminal prosecution against one or all of appellants may result. As the Supreme Court in DiBella stated: "presentations ... before a grand jury ... are parts of the federal prosecutorial system leading to a criminal trial. Orders granting or denying suppression in the wake of such proceedings are truly interlocutory." 369 U.S. at 131, 82 S.Ct. at 660. The decisions of the Sixth, Seventh, Eighth, and Tenth Circuits, holding that the denial of a Rule 41(e) motion is immediately appealable where there is an ongoing grand jury investigation ignore this language. To allow appellants to appeal now, where there is an ongoing investigation, would interfere with the grand jury proceedings. Furina, 707 F.2d at 84. It is exactly such harm which DiBella sought to obviate.
 
 
 16
 Appellants urge that no criminal prosecution in esse exists in this case because no detention, arrest, or other charge has issued against any of them. In support of their position, they point to the language in DiBella that:
 
 
 17
 When at the time of ruling there is outstanding a complaint, or a detention or release on bail following arrest, or an arraignment, information, or indictment--in each such case the order on a suppression motion must be treated as "but a step in the criminal case preliminary to the trial thereof."
 
 
 18
 369 U.S. at 131, 82 S.Ct. at 660 (citation omitted). We conclude that this language was merely an application of the Court's holding to the facts before it. Our conclusion is supported by Cobbledick v. United States, 309 U.S. 323, 60 S.Ct. 540, 84 L.Ed. 783 (1939), cited by the Supreme Court in DiBella for the proposition that presentations before grand juries are parts of the federal prosecutorial system. In holding that the denial of a motion to quash a subpoena duces tecum was not a final order, the Court stated in Cobbledick that "[i]t is no less important to safeguard against undue interruption the inquiry instituted by a grand jury than to protect from delay the progress of the trial after an indictment has been found." Id. at 327, 60 S.Ct. at 542 (emphasis added). Thus, we reject the argument advanced by appellants that DiBella should be read as creating a distinction between the investigatory and accusatory functions of the grand jury for purposes of determining appealability.
 
 
 19
 Finally, appellants argue that unless the district court's order is held to be appealable they may never have an opportunity to redress the allegedly unconstitutional seizure of their property. We disagree. This is not a case where denial of review "would mean that the Government might indefinitely retain the property without any opportunity for the movant to assert on appeal his right to possession." United States v. Ryan, 402 U.S. 530, 533, 91 S.Ct. 1580, 1582, 29 L.Ed.2d 85 (1971). As noted in Standard Drywall, 668 F.2d at 158, the term of a grand jury is limited. If there is an indictment and conviction, review of the constitutionality of the search and seizure will be available upon appeal from the final judgment. If no indictment results, appellants may then institute an independent action for the return of their property.[8] Furina, 707 F.2d at 85; Standard Drywall, 668 F.2d at 158; Imperial Distributors, at 896.
 
 
 20
 Accordingly, this appeal is dismissed for lack of jurisdiction.
 
 
 21
 DISMISSED.
 
 
 
 [1]
 Fed.R.Crim.P. 41(e) provides that:
 Motion for Return of Property. A person aggrieved by an unlawful search and seizure may move the district court for the district in which the property was seized for the return of the property on the ground that he is entitled to lawful possession of the property which was illegally seized. The judge shall receive evidence on any issue of fact necessary to the decision of the motion. If the motion is granted the property shall be restored and it shall not be admissible in evidence at any hearing or trial. If a motion for return of property is made or comes on for hearing in the district of trial after an indictment or information is filed, it shall be treated also as a motion to suppress under Rule 12.
 
 
 [2]
 Three grand jury subpoenas duces tecum were attached to and made a part of the warrant. Except for the time period referenced in the subpoenas, the records and documents called for by the three subpoenas were identical. The subpoena to RCS, for example, called for:
 all records and documents relative to all Federal and State Grants, including corporate charts, corporate minutes, monthly checking and saving account statements, signature cards, original checks, loans, loan applications, financial statements, all ledger books, and travel and entertainment expenses and receipts from January 1, 1981 to date.
 Also, this is to include Certificate of Deposits [sic].
 
 
 [3]
 See supra note 1, at 871
 
 
 [4]
 In their briefs and at oral argument, the parties make much of a letter dated November 3, 1983, from counsel for appellant Michael Jacobs to the Assistant United States Attorney. That letter reads as follows:
 This will confirm our conversation on October 27, 1983 in connection with the ... matter now pending before [the district court] and the investigation being conducted by the United States Attorney's office and a federal grand jury in this district of our client, Mr. Jacobs, and possibly others. It is my understanding that the grand jury will not be asked to take action with regard to the return of any indictment in connection with this investigation until the matter involving the search warrant now pending before [the district court] has been finally resolved.
 If I am in error as to my understanding of our conversation, it is requested I be so advised.
 Appellants assert that this letter merely "confirms advice" of the Assistant United States Attorney that no indictment would be returned pending resolution of the Rule 41 motion before the district court. The government counters that upon request of appellant Jacobs' counsel, it "agreed" not to seek formal criminal charges against Jacobs until the district court resolved the motion. We find that this letter does not have any significance in light of our disposition of this appeal, and, therefore, do not concern ourselves with it.
 
 
 [5]
 Although not cited by the government, another decision of this Court held, on the authority of DiBella, that an order of the district court, declining to enjoin presentation of evidence to a grand jury, was interlocutory and not appealable in advance of final judgment. Austin v. United States, 353 F.2d 512 (4th Cir.1962) (per curiam)
 
 
 [6]
 Appellants assert for the first time on appeal that they have been denied access to their property. Based upon the record before it, the district court found otherwise. The postal inspector's affidavit, which was before the court, states that appellants have been given access upon request to the records. It further states that appellants have availed themselves of this opportunity only twice since the seizure. On this record, we cannot say that the district court's finding is clearly erroneous
 Nor will we permit appellants to supplement the record on appeal by submitting the affidavit and exhibits of appellant Jacobs that access to the records has been denied. If, as appellants claim, the primary purpose of their motion is return of the records because the seizure has severely impaired their operations, it would seem that any difficulty in obtaining access to the records would have been brought to the attention of the district court to rebut the postal inspector's affidavit or otherwise support their motion. Nonetheless, appellants never advised the district court that they were having difficulty obtaining access to the records even though the court did not render its decision until August 22, 1984, more than a full year after the records were seized. See Imperial Distributors, 617 F.2d at 895-96.
 
 
 [7]
 We are satisfied that there is an ongoing grand jury investigation. Although we did not pursue the government's offer to provide in camera an affidavit outlining the status of the grand jury investigation, appellants concede that "[t]he clear implication of the government's tender of the affidavit is that the investigation is apparently ongoing." Response, p. 4. Moreover, at oral argument, the attorney for the government represented to us that "there is a prosecution in esse."
 
 
 [8]
 In passing, we note that the government has assured us that the property will be returned to appellants if there is no indictment