## In re GRAND JURY PROCEEDINGS.

### Appeal of FMC CORPORATION.

### No. 79–1017.

United States Court of Appeals, Third Circuit.

Argued June 8, 1979.

Decided July 18, 1979.

As Amended Aug. 16, 1979.

Thomas A. Bergstrom, (argued), Philadelphia, Pa., for appellant FMC Corp.

Peter F. Vaira, U.S. Atty., Walter S. Batty, Jr., (argued), Asst. U.S. Atty., Chief, Appellate Division, Bonnie Brigance Leadbetter, Asst. U.S. Atty., Deputy Chief, Appellate Div., Philadelphia, Pa., for appellee.

Before HUNTER, WEIS and GARTH, Circuit Judges.

## OPINION OF THE COURT

### PER CURIAM.

In April or May, 1977, FMC Corporation produced a number of documents in response to a subpoena *duces tecum* issued by a federal grand jury sitting in Philadelphia. Alleging that the government had filed a false *Schofield* affidavit[1] and had violated

---

1. In *In re Grand Jury Proceedings (Schofield I)*, 486 F.2d 85, 93 (3d Cir. 1973), we held that

when a grand jury subpoena is challenged, it is reasonable "that the Government be required

Fed.R.Crim.P. 6(e) by disclosing the documents to unauthorized persons, FMC asked for return of the documents. After argument, the district court denied the motion, and FMC appealed. We conclude that the order is nonappealable and· must be dismissed because of a lack of jurisdiction.

▇ Certain exceptions notwithstanding, Congress and the federal courts have announced and adhered to a policy of permitting appeals only from the final decisions of district courts.· 28 U.S.C. § 1291; *Cobbledick v. United States*, 309 U.S. 323, 60 S.Ct. 540, 84 L.Ed. 783 (1940). In the grand jury context, nongovernment appeals of technically nonfinal decisions have been closely limited to orders denying motions for the return of property. *DiBella v. United States*, 369 U.S. 121, 82 S.Ct. 654, 7 L.Ed.2d 614 (1962). But as we observed in *United States v. Premises Known As 608 Taylor Avenue*, 584 F.2d 1297, 1300 (3d Cir. 1978), the question whether a motion is for the return of property or whether it is for the suppression of evidence, and thus nonappealable, must be resolved by examining the essential character of the proceedings in the district court. It is not disputed that although the grand jury proceedings were at a standstill for a time, they have been resumed, and the conduct of FMC is still the subject of inquiry. There is obviously the possibility of a criminal prosecution against the corporation and it cannot be said that the motion is in no way tied to a potential indictment. This is "not an independent proceeding but merely a step in the criminal prosecution." *Smith v. United States*, 377 F.2d 739, 742 (3d Cir. 1967). Accordingly, the appeal will be dismissed for lack of jurisdiction. The mandate shall issue forthwith.

to make some preliminary showing by affidavit that each item is at least relevant to an investigation being conducted by the grand jury and properly within its jurisdiction, and is not sought primarily for another purpose." In essence, FMC argues that the affidavit submitted to the district court to obtain the subject documents was fraudulent.