**PRECEDENTIAL**


UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 10-3527
_____

In Re: Grand Jury

_____


On Appeal from the United States District Court
for the Middle District of Pennsylvania
District Court No. 3-10-mc-00235
District Judge: The Honorable A. Richard Caputo

Argued January 26, 2011

Before: McKEE, *Chief Judge*, and SMITH, *Circuit Judges*
and STEARNS, *District Judge**

(Filed: February 16, 2011 )

---

* The Honorable Richard G. Stearns, United States District Judge
for the District of Massachusetts, sitting by designation.

1

_____

OPINION
_____

SMITH, *Circuit Judge.*

The appellant is a target of a grand jury investigation. In connection with the investigation, federal agents executed a warrant to search the appellant's property and seized numerous documents. To accommodate the appellant, the agents agreed to furnish him with copies of all seized documents. Unsatisfied, the appellant moved for return of the documents, as well as any copies, on the ground that the search and seizure violated the Fourth Amendment. The District Court denied the motion, and this appeal followed. As explained below, we lack jurisdiction to review the denial and will dismiss the appeal.

I.

During an investigation by a grand jury sitting in Scranton, Pennsylvania, federal agents obtained a warrant to search the home and offices of the appellant. The warrant affidavit is sealed, but the government has indicated that the appellant is being investigated for federal-program theft, extortion, fraud, and money laundering. The warrant was executed on June 18, 2010; agents seized numerous documents and made copies of the appellant's hard drives (while leaving the computers undisturbed). To mitigate any

inconvenience caused by the seizure, the agents agreed to provide the appellant with copies of the seized documents.

Unappeased, the appellant filed a motion under Federal Rule of Criminal Procedure 41(g) in the Middle District of Pennsylvania.[1] The motion challenged the validity of the search and seizure, and requested (1) that the warrant affidavit be unsealed, (2) that all seized evidence be returned to the appellant, (3) that any copies of the evidence be returned, and (4) that the government be ordered to cease inspection of the evidence pending a ruling on the motion. Importantly, the motion did not assert that the government's retention of the evidence was causing the appellant to experience hardship. It claimed, instead, that the search and seizure ran afoul of the Fourth Amendment, and that the government thus had no business using the seized evidence against the appellant in criminal proceedings.

The government filed two responses to the motion: one was a regular response and the other a supplemental *ex parte* response. The regular response argued that the appellant's motion was not a motion for the equitable return of property (which is contemplated by Rule 41(g)), but was, instead, a premature motion to suppress evidence. The response also

---

[1] Rule 41(g) (formerly Rule 41(e)) provides that a "person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return." Fed. R. Crim. P. 41(g). "If [the court] grants the motion, [it] must return the property to the movant, but may impose reasonable conditions to protect access to the property and its use in later proceedings." *Id.*

defended the search and seizure against constitutional attack, stressing that they were conducted pursuant to a duly issued warrant.

The supplemental *ex parte* response, to which the sealed warrant affidavit was appended, explained that the government had a strong interest in maintaining the warrant affidavit under seal. According to the government, unsealing the affidavit would cause the identities of confidential informants to be revealed, expose individuals and businesses to public obloquy though charges against them may never be brought, cause the release of confidential grand jury and tax information, and "result in disclosing to [the appellant], prior to the initiation of charges, the precise areas of inquiry into which the investigation was looking, thereby facilitating [the appellant's] and other subjects' obstruction of the investigation." Gov't Br. at 16.

By order dated August 17, 2010, the District Court denied the appellant's motion. It concluded that the appellant was not entitled to return of the seized property or unsealing of the warrant affidavit. This appeal followed.

## II.

The appellant asserts that 28 U.S.C. § 1291 gives this Court jurisdiction to review the order denying the Rule 41(g) motion. Section 1291 vests the courts of appeals with jurisdiction over "appeals from all final decisions of the district courts of the United States." Both sides agree that the question whether the District Court's order is final and

4

appealable is governed by the Supreme Court's decision in *Di Bella v. United States*, 369 U.S. 121 (1962). Under *Di Bella*, denial of a pre-indictment Rule 41(g) motion is not final and appealable if the motion was in effect for the suppression of evidence. *See id.* at 131–32. "Such a ruling is considered to be merely a step in the criminal process, and any rights involved are adequately protected in subsequent trial proceedings." *United States v. Premises Known as 608 Taylor Ave.*, 584 F.2d 1297, 1300 (3d Cir. 1978) (citing *Di Bella*, 369 U.S. at 121). *Di Bella* carved out an exception for orders denying motions that are truly independent of anticipated criminal proceedings. Notably, however, "[o]nly if the motion [1] is solely for return of property and [2] is in no way tied to a criminal prosecution *in esse* against the movant can the proceedings be regarded as independent." 369 U.S. at 131–32. Failing to observe these limitations, the Court explained, would undermine the policies against piecemeal appellate review and disrupting ongoing criminal prosecutions that underlie § 1291's final-judgment requirement. *See id.* at 124, 126–29.

We have previously had occasion to apply *Di Bella* in circumstances similar to those presented here. In *In re Grand Jury Proceedings (FMC Corp.)*, 604 F.2d 806 (3d Cir. 1979), for example, a corporation produced documents in response to a subpoena *duces tecum* issued by a grand jury. After handing over the documents, the corporation moved for their return, alleging that they had been procured through fraud. *See id.* at 806–07 & n.1. The District Court denied the motion, and the corporation appealed. We concluded that the District Court's order was not appealable:

> In the grand jury context, nongovernment appeals of technically nonfinal decisions have been closely limited to orders denying motions for the return of property. But as we [have] observed . . . , the question whether a motion is for the return of property or whether it is for the suppression of evidence, and thus nonappealable, must be resolved by examining the essential character of the proceedings in the district court. [Here, i]t is not disputed that although the grand jury proceedings were at a standstill for a time, they have been resumed, and the conduct of [the corporation] is still the subject of inquiry. There is obviously the possibility of a criminal prosecution against the corporation and it cannot be said that the motion is in no way tied to a potential indictment. This is not an independent proceeding but merely a step in the criminal prosecution. Accordingly, the appeal will be dismissed for lack of jurisdiction.

*Id.* at 807 (internal citations and quotation marks omitted). In other words, *Di Bella*'s second requirement—that the motion be unrelated to an existing criminal prosecution against the movant—was not met because the corporation was the subject of an ongoing grand jury investigation. *See also United States v. Pantelidis*, 335 F.3d 226, 232 (3d Cir. 2003) (noting that, "[a]s a general principle, 'an order denying return of property would not be final and appealable if the government were holding the property as evidence in a

potential criminal prosecution'") (quoting *Gov't of the V.I. v. Edwards*, 903 F.2d 267, 272 (3d Cir. 1990)).

Our decision in *United States v. Furina*, 707 F.2d 82 (3d Cir. 1983), is also instructive. There, during a grand jury investigation, federal agents obtained and executed warrants to search the appellants' residences; the agents seized various documents for presentation to the grand jury. Claiming that the search and seizure were invalid, the appellants filed a motion for return of the documents. The District Court denied the motion, and an appeal followed.

We dismissed the appeal. In doing so, we found it "very clear" that the appellants' motion sought the suppression of evidence, not simply the return of property. *Id.* at 84. Indeed, the motion had been filed pursuant to what is now Rule 41(g), and, at the time, granting such a motion automatically resulted in suppression.[2] That the appellants' motion had sought not just the return of property but also the suppression of evidence was "enough under *Di Bella* to require that . . . the appeal be dismissed." *Furina*, 707 F.2d at 84. We also stated that, "even though the appellants [we]re not under arrest or indictment," a prosecution against them

---

[2] Before 1989, the Rule provided: "A person aggrieved by an unlawful search and seizure may move the district court . . . for the return of the property . . . . If the motion is granted the property shall be restored and *it shall not be admissible in evidence at any hearing or trial.*" *Furina*, 707 F.2d at 82 n.1 (quoting the Rule) (emphasis added). The automatic-suppression provision was deleted from the Rule in 1989. *See* Fed. R. Crim. P. 41 advisory committee's note.

was nevertheless *in esse* for purposes of *Di Bella*, because they were subjects of an ongoing grand jury investigation. *Id.* (citing *In re Grand Jury Proceedings*, 604 F.2d at 806). We therefore held that the appellants did "not satisfy the [second] requirement of *Di Bella* that the motion [be] in no way tied to a criminal prosecution *in esse* against the[m]." *Id.* at 84.

Turning now to the case before us, we think it clear that the order denying the appellant's Rule 41(g) motion is not final and appealable. We arrive at this conclusion for two independent reasons. First, the motion plainly sought not just the equitable return of property, but also the suppression of evidence—*i.e.*, to prevent the government from using the evidence in criminal proceedings. This is evidenced by the motion's requests for any *copies* of the seized documents and for an order directing the government to cease inspecting the evidence pending a ruling. *See In re Search Warrant (Sealed)*, 810 F.2d 67, 70 (3d Cir. 1987) (noting that where the government has retained copies of seized documents and returned the originals to the movant, a motion for return implicitly seeks the suppression of evidence, not just the return of property); *Meister v. United States*, 397 F.2d 268, 269 (3d Cir. 1968) (same). Similarly, if the appellant really sought just the return of property—and not also suppression—then the government's offer to furnish him with copies of the seized evidence should have sufficed (after all, the appellant has not explained why he needs the originals, as opposed to copies, of the seized evidence). *See Matter of 949 Erie St.,* 824 F.2d 538, 541 (7th Cir. 1987) ("[W]here the government has offered to provide copies and the movants have not even attempted to show that copies are inadequate . .

. , we cannot find that the motion is directed primarily toward the return of the seized property [under *Di Bella*].").  Thus, the appellant's motion sought both the return of property and the suppression of evidence; its denial is therefore not appealable.  *See Di Bella*, 369 U.S. at 131–32 (denial of motion appealable only when "motion [wa]s *solely* for return of property") (emphasis added); *Furina*, 707 F.2d at 84.

To be sure, the appellant points out that prior to 1989, granting a Rule 41(g) motion automatically resulted in suppression of the restored evidence.  *See Edwards*, 903 F.2d at 272–73 & nn.1–3 (quoting and discussing the pre-1989 version of the Rule).  Because suppression no longer is an automatic consequence of granting a Rule 41(g) motion, the appellant reasons that his motion should not be construed as seeking to suppress evidence.  The appellant misapprehends the effect of the 1989 amendment.  While it is true that a Rule 41(g) motion no longer *necessarily* seeks suppression, this hardly means that it is *impossible* for such a motion to seek suppression.  Although the appellant's motion could have sought solely the return of property, in fact it did not: it sought both the return of property and the suppression of evidence.  Accordingly, the order denying the motion is not final and appealable under *Di Bella*.[3]

---

[3] Even before 1989, parties could file *non*-Rule 41(g) motions for the equitable return of property, *see* Clifford A. Godiner, Note, *Interlocutory Appeal of Preindictment Suppression Motions Under Rule 41(e)*, 84 Mich. L. Rev. 1755, 1768–69 (1986), but appeals of orders denying such motions would be dismissed if, upon

Second, the property was seized in connection with an ongoing grand jury investigation of which the appellant is a target. Given the clear connection between the motion and a criminal prosecution (albeit an incipient one), the appellant "do[es] not satisfy the [second] requirement of *Di Bella* that the motion [be] in no way tied to a criminal prosecution *in esse* against [him]." *Furina*, 707 F.2d at 84; *see In re Grand Jury Proceedings*, 604 F.2d at 806–07 (criminal prosecution is *in esse* when there is an ongoing grand jury investigation); *Smith v. United States*, 377 F.2d 739, 742 (3d Cir. 1967) (same); *see also Di Bella*, 369 U.S. at 131 ("Presentations before . . . a grand jury . . . are parts of the federal prosecutorial system leading to a criminal trial. Orders granting or denying suppression in the wake of such proceedings are truly interlocutory, for the criminal trial is then fairly in train."); *cf. Premises Known as 608 Taylor Ave.*, 584 F.2d at 1300–01 (*Di Bella*'s second requirement met where no criminal proceeding "of any kind" was pending against the movant at the time the motion for return of property was filed). We conclude, then, that the order denying the appellant's Rule 41(g) motion is not final and appealable.[4]

---

examination, they sought not just the return of property but also suppression, *see In re Grand Jury Proceedings*, 604 F.2d at 806–07; *Premises Known as 608 Taylor Ave.*, 584 F.2d at 1299–1301.

[4] An attorney representing associates of the appellant appeared at oral argument, and asserted that property belonging to his clients had been seized during the search of the appellant's offices. The attorney argued that, even if the order denying the Rule 41(g) motion is not final and appealable as to the appellant, it is

One final point deserves mention. In addition to the return and suppression of evidence, the appellant's motion requested that the warrant affidavit be unsealed. But unsealing was requested merely to assist the appellant in arguing for return and suppression. Thus, the District Court's refusal to unseal the affidavit—like its decision denying the return and suppression of evidence—is not appealable. *See Furina*, 707 F.2d at 84 ("Appellants sought disclosure of the [sealed warrant] affidavit in order to secure evidence for the Rule 41[(g)] hearing. The lack of finality which attaches to the order denying return and suppression necessarily applies to preliminary matters as well.").

## III.

For these reasons, we will dismiss the appeal.

---

appealable as to his clients because—unlike the appellant—they are not under criminal investigation. Because this contention was raised for the first time at oral argument, we will not consider it. *See United States v. Voigt*, 89 F.3d 1050, 1064 n.4 (3d Cir. 1996) (an argument brought up for the first time at oral argument is waived). Of course, nothing prevents the individuals from seeking relief in the District Court in the first instance.